## SOUTHWESTERN OIL & GAS CO. v. UNITED STATES.

District Court, W. D. Pennsylvania.
September 20, 1928.

No. 5505.

James Walton, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and William J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and John A. McCann and Floyd Toomey, Sp. Attys., Bureau of Internal Revenue, both of Washington, D. C.

GIBSON, District Judge. The facts in the instant case have been stipulated by the parties, and the court has adopted the stipulation as its finding of facts, as follows:

### Finding of Facts.

"1. The plaintiff, the Southwestern Oil & Gas Company, is a corporation organized under the laws of the state of Delaware, with its principal place of business at Pittsburgh, Pennsylvania, and was such corporation at all times material herein.

"2. C. G. Lewellyn was the duly authorized and acting United States collector of internal revenue for the Twenty-Third district of Pennsylvania, at Pittsburgh, Pennsylvania, from the first date material herein up to August 1, 1921, on which date he was succeeded in office by D. B. Heiner, the present incumbent.

"3. On April 30, 1918, plaintiff duly filed its return of corporate income and profits taxes for the calendar year 1917, showing thereon a total tax liability of $36,405.21, which sum was duly assessed against and paid by the plaintiff to the defendant on June 14, 1918.

"4. On or about June 15, 1919, plaintiff voluntarily filed an amended tax return for the year 1917, which said amended return disclosed a total tax liability of $54,586.25, or $18,181.04 in excess of the amount shown by its original return. The amended return so filed consisted of corporation income tax return, form 1031, and corporation excess profits tax return, form 1103. Said amended return disclosed a net income of $115,161.76, and an invested capital for the year of $148,144.22.

"5. Under date of February 26, 1920, the Commissioner of Internal Revenue advised the plaintiff that the total amount of its tax liability for the year 1917 was $54,873.94, which amount was $18,468.73 in excess of the amount of tax shown by its original return. Said additional amount of tax of $18,468.73 was duly assessed in April, 1920, and was paid by the plaintiff June 4, 1920. In his determination of plaintiff's tax liability for the year 1917 of $54,873.94, the Commissioner made no adjustments whatever to plaintiff's net income of $115,161.76, as shown by amended return filed by it, and an invested capital of $145,594.01.

"6. Thereafter, plaintiff filed its income and profits tax return for the year 1918. Its correct tax liability for that year was finally determined by the Commissioner and paid by the plaintiff upon the basis of an invested capital of $203,904.11. In arriving at this amount of invested capital, the Commissioner decreased the invested capital shown on the plaintiff's 1918 return by the sum of $60,505.08, due to the failure of the plaintiff to take adequate deductions from gross income for depletion in prior years. Of said decrease of $60,505.08, the sum of $4,579.33, is attributable to the failure of the plaintiff to take adequate deduction for depletion in 1917.

"7. On February 2, 1925, plaintiff filed a claim for refund in an unstated amount for the year 1917. Attached to said claim for refund was a letter dated January 27, 1925, in which, among other things, it was stated, 'In support thereof the following propositions are submitted: (a) That there was an overpayment of our taxes for the calendar year 1917. (b) That the commissioner is required under section 281 (e) of the Revenue Act of 1924, to refund the

amount found to have been paid in excess of the correct amount.'

"8. By bureau letter dated April 28, 1925, plaintiff was advised, among other things, as follows: 'You are advised that inasmuch as your claim was not filed with the Collector of Internal Revenue for your district until February 2, 1925, which is subsequent to the expiration of the period of limitation for making refunds for the year 1917, it is of no effect and will, therefore, be rejected in the next schedule to be approved by the Commissioner.' Said claim for refund was rejected on Schedule of Overassessments, No. 14449, signed by the Commissioner on May 11, 1925. Said Schedule of Overassessments, No. 14449, discloses that there was allowed to the plaintiff, on account of taxes paid by it for the year 1917, an overassessment or reduction of tax liability in the amount of $2,857.50. This overassessment or refund of $2,857.50 was allowed by the Commissioner under the provisions of section 281 (c) of the Revenue Act of 1924 (26 USCA § 1065), and was paid by Treasury check on August 14, 1925. The aforesaid sum of $2,857.50 was arrived at by a computation wherein there was employed a net income of $110,582.43 and an invested capital of $145,594.01. The former figure was arrived at by reducing the net income of $115,161.76, shown on plaintiff's amended 1917 return, by $4,579.33, referred to in paragraph 6, supra. The latter figure was arrived at by taking the invested capital shown by the plaintiff on its amended 1917 return, and making a minor adjustment thereof (which adjustment is not here in controversy), referred to in paragraph 5, supra.

"9. On April 1, 1927, plaintiff's representative called on and interviewed a representative of the Commissioner at Washington, and at that time presented an application dated March 30, 1927, for the reconsideration of the Commissioner's previous rejection of the taxpayer's claim for refund. Thereafter, by letter dated August 31, 1927, the Commissioner advised the plaintiff in part as follows: 'Your request dated March 30, 1927, for the reopening of your 1917 refund claim has been granted under the provisions of Treasury Decision 3240 and the merits of the claim reconsidered. Your claim will remain closed on the basis of the adjustment made in your tax liability as set forth in office letter dated April 28, 1925.'

"10. The plaintiff's correct tax liability for the year 1917 is as shown by computation attached as Exhibit A to plaintiff's complaint, provided, however, the defendant does not concede that said computation discloses the correct amount legally refundable to the plaintiff.

"11. This suit was instituted January 9, 1928."

## Opinion.

It is apparent from the finding of facts that the plaintiff, in the settlement of its 1917 taxes, has paid to the defendant the sum of $11,624.26 more than was actually due. This admission appears in defendant's answer. The overpayment is admitted on behalf of the defendant, but counsel for the latter urge that plaintiff is precluded from the recovery of the excess payment by suit by the statute of limitations. The provisions of law upon which they rely are the following statutes:

The Revenue Act of 1926, approved February 26, 1926, provides in part as follows:

"Sec. 1113 (a). Section 3226 of the Revised Statutes, as amended, is re-enacted without change, as follows:

"Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected, without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail." 26 USCA § 156.

The Revenue Act of 1924, approved June 2, 1924, provides in part as follows:

"Sec. 1012. Section 3228 of the Revised Statutes, as amended, is amended to read as follows:

"Sec. 3228. (a) All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in section 281 of the Revenue Act of 1924, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum." 26 USCA § 157.

"Sec. 281. (a) Where there has been an overpayment of any income, war profits, or excess profits tax imposed by this act, the act entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, the act entitled 'An act to reduce tariff duties and to provide revenue for the government, and for other purposes,' approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or any such act as amended, the amount of such overpayment shall be credited against any income, war profits, or excess profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

"(b) Except as provided in subdivisions (c) and (e) of this section, (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, nor (2) shall the amount of the credit or refund exceed the portion of the tax paid during the four years immediately preceding the filing of the claim or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund.

"(c) If the invested capital of a taxpayer is decreased by the Commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of income, war profits, or excess profits taxes in any previous *year or years,* then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor, notwithstanding the period of limitation provided for in subdivision (b) has expired." 26 USCA § 1065.

Counsel for defendant point out that plaintiff's 1917 tax was paid on June 4, 1920, that no claim for a refund of the overpayment was made upon the Commissioner of Internal Revenue until January 27, 1925, more than four years after the payment of the 1917 taxes, and assert that such delay defeats plaintiff's present action. It further asserts that the Commissioner finally rejected plaintiff's claim for refund of the overpayment on April 28, 1925, the formal rejection schedule being signed on May 11, 1925, and that plaintiff's action, instituted on January 9, 1928, was not begun either within a period of five years from the date of the overpayment or within two years from the date of the rejection of the claim by the Commissioner, as required by section 1113 of the Act of 1926, supra.

The plaintiff, in answer to defendant's contention, asserts that its claim to the Commissioner was within the scope of section 281 (c) of the Revenue Act of 1924, supra, and therefore no limitation existed against it. It further contends that the date of the Commissioner's final rejection of its claim was not April 28, 1925, but August 31, 1927, as the Commissioner, pursuant to plaintiff's request made prior to the expiration of two years following the original rejection, had reopened the judgment and reconsidered the claim. We find the last of these contentions to be sustained by the findings of fact, and that the claim was actually reopened and reconsidered, and finally decided on August 31, 1927, and consequently plaintiff's action is not barred by section 3226, R. S., as re-enacted by section 1113 of the Revenue Act of 1926, and section 281 (a) and (b) of the Revenue Act of 1924, if it fell within the scope of section 281 (c) of the Act of 1924.

The decision in respect to the date of the Commissioner's rejection of plaintiff's claim brings us to a consideration of the contentions of the parties in respect to the scope of section 281 (c) of the Act of 1924, supra. The intention of Congress in this paragraph of section 281 is plain, without any reference to legislative history. The decrease of the invested capital of a taxpayer for the year 1918 by the Commissioner obviously increased the tax for that year. If the decrease was due to the failure of the taxpayer to claim proper deductions from his gross income in preceding years, then it is apparent that he has paid tax on amounts which were not part of his income during such years, and, from the standpoint of abstract justice, that he is entitled to the return of the tax so paid on such amounts if he is to be called upon to pay the increased tax imposed by the Commissioner's action.

But, without such a provision of law as the paragraph under consideration, the return of the overpayments would be impossible by reason of the expiration of the time within which a claim for refundment could be made. To remedy this injustice of increasing the taxpayer's taxes on account of his mistakes in accounting without giving him the benefit of the sums already received by reason of those mistakes, the provision in question was enacted.

A reading of the paragraph, 281 (c) of the Act of 1924, in connection with an examination of the stipulated facts, will make it plain that the instant case presents the situation which Congress had in mind in the enactment of the paragraph. In the determination of the 1918 taxes, the Commissioner reduced plaintiff's invested capital, as carried on its books, to the extent of $60,-505.08, due to the failure of the plaintiff in previous years to properly set off depletion against its invested capital. The plaintiff had erroneously included the amounts of such depletion as part of its gross income during such previous years without claiming any deductions for them. The action of the Commissioner in this correction of plaintiff's accounting methods had the effect of increasing plaintiff's tax for 1918 and gave it the right to a refund of the overpayment which resulted from its failure to deduct depletion from its gross income.

No substantial disagreement exists between the parties herein as to the applicability of section 281 (c) of the Act of 1924 to plaintiff's 1917 tax. The actual dispute is in respect to the extent and method of the application. The Commissioner, when he determined plaintiff's 1918 tax, not only corrected plaintiff's return by reducing invested capital in amount of $60,505.08, depletion included in gross income, but also made certain other corrections of the return which increased plaintiff's invested capital for taxation purpose. The net result of all the corrections was an increase of invested capital for the year 1917 from $145,594.01, shown by plaintiff's return, to $279,838.21. The plaintiff contends that it has the right in the instant suit to recover the full amount of the difference between the sum paid as its 1917 tax, and the sum actually due, as shown by a calculation based upon an invested capital of $279,838.21 and a net income of $110,-582.43, less the sum of $2,857.50 returned by the Commissioner. Plaintiff paid a tax based upon an invested capital of $145,-594.01 and a net income of $110,582.43, and the amount it claims herein is $14,481.76,

less $2,857.50 already paid it by the Commissioner, or $11,624.26.

On the other hand, counsel for the defendant assert that plaintiff has already received the only refund of its 1917 tax which was legal at the time its claim was filed with the Commissioner. They insist that the overpayment contemplated by section 281 (c), supra, is one which has been made wholly as a result of the failure of the taxpayer to take adequate deductions from his gross income, and is not, as here, one made by reason of the failure of the plaintiff to report the full amount of its invested capital. Plaintiff's depletion for the year 1917 amounted to $4,579.33 and was not deducted from plaintiff's gross income on its tax return. As a result of such failure to deduct this amount, say counsel, plaintiff, under section 281 (c) supra, was entitled to have the amount of the depletion deducted from its gross income for 1917, and its taxes for that year, with that deduction made, calculated in accordance with its return upon which they were finally paid.

The Commissioner, by section 281 (c), supra, was authorized to correct the overpayment resulting from the failure to take such deduction, without regard to the limitations prescribed by section 281 (b) of the Act of 1924, and other acts cited, and did repay the amount due to that failure by returning $2,857.50 to plaintiff; but, counsel contend, the Commissioner's power to return overpayments of 1917 taxes is strictly limited. Except in case of an overpayment resulting from a failure to take adequate deductions, and a subsequent reduction of invested capital by the Commissioner in consequence, the Commissioner is specifically prohibited by section 281 (b) from allowing any refund or credit unless a claim therefor has been made within four years from the date of payment of the tax. Nor is the power of the court any greater. Section 1113 of the Revenue Act of 1926, re-enacting section 3226, R. S., defendant asserts, prevents the court from entertaining a suit against the United States unless prior demand be made upon the Commissioner for the return of the amount overpaid within four years from the date of payment, and suit be brought within five years from the date of payment or within two years from the Commissioner's refusal of the claim.

The plaintiff's contention is, in substance, that having had its invested capital for 1918 reduced by the Commissioner, and such decrease having been made by reason of its failure to take proper deductions in 1917

and previous years, its situation has brought it within the scope of section 281 (c) of the Act of 1924, which relieves it of making claim upon the Commissioner, and limits its action, if at all, to a period of two years after the Commissioner has rejected its claim. Having the right to a return of the overpayment of 1917 taxes, due to failure to take proper deductions, it claims it is entitled to a correction of all errors in the calculation of its 1917 taxes, no matter how, arising, and so entitled to the judgment sought in the instant action.

After giving the claim our careful consideration, we have concluded that plaintiff has misapprehended the effect of section 281 (c) of the Act of 1924. That paragraph excepted from the four-year limitation period of claim for refund upon the Commissioner only overpayments resulting from a failure of the taxpayer to take adequate deductions in previous years, and such overpayments only when they had been made to appear as such by the decrease of the taxpayer's invested capital by the Commissioner in consequence of the failure to take such deductions. In the present action plaintiff seeks to recover an overpayment which appears as such not by reason of a decrease, but by an increase, in plaintiff's invested capital. It will be remembered that the Commissioner, in the adjustment of the 1918 taxes, not only decreased the invested capital, as reported by plaintiff, by subtracting the amount of depletion in previous years, but also otherwise increased it, so that the net result was a large increase. The overpayment due to the inadequate deduction for depletion in 1917 has already been returned to plaintiff. As to the balance of the overpayment, the subject of this suit, it is not within the scope of section 281 (c) of the Act of 1924 and is subject to the statutes of limitation quoted supra. Those statutes prevent recovery by the plaintiff.

Judgment will be entered for the defendant.