## McCARTHY v. PHILLIPS, Former Collector of Internal Revenue.

### No. 3568.

District Court, M. D. Pennsylvania.
Jan. 30, 1936.

H. R. Van Deusen, of Scranton, Pa., and H. Kennedy McCook, of Washington, D. C., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and J. G. Gibbs, Sp. Asst. to the Atty. Gen. (Tax Division), for defendant.

WATSON, District Judge.

This is an action by the liquidating trustee of the Susquehanna Brewing Company to recover $8,602.56 paid as federal income and excess profits taxes for the year 1918 by the Susquehanna Brewing Company, hereinafter called taxpayer. By agreement the case was tried before the court without a jury.

For the year 1918 the Stegmaier Brewing Company filed a consolidated income tax return with the taxpayer as an affiliate. The taxpayer was ruled nonaffiliated by the Commissioner and a tax in the amount of $9,151.63 was assessed against it. The tax was paid on March 25, 1924.

On March 25, 1924, the taxpayer filed a claim for refund of taxes for the year 1918 in the amount of $2,548.45. This claim was based on the sole ground that the Commissioner erroneously determined its prewar invested capital for the year 1918.

On February 2, 1925, the taxpayer filed a claim for refund of taxes for the year 1918 in the amount of $6,603.18. This claim was based on the sole ground that the Commissioner failed to give effect to the statutory net loss of obsolescence for 1919 against the 1918 income.

On May 9, 1925, and April 10, 1931, the taxpayer filed certain additional documents or briefs.

The Commissioner in effect determined that no adjustment should be made based on prewar invested capital; that the taxpayer sustained a net loss for 1919; that the taxpayer sustained obsolescence and depreciation of assets for the year 1918, and that $8,602.56 of the tax paid for 1918 was attributable thereto, but that claim was not refundable because no claim for refund was made based on obsolescence and depreciation for 1918; that the briefs on file did not constitute such a claim.

██ The plaintiff contends that its two formal claims were adequate to cover refunds based on obsolescence and depreciation for the year 1918. The refund claim filed on March 25, 1924, was based on an error in the determination of prewar invested capital. The refund claim filed

on February 2, 1925, was based on obsolescence and depreciation for the year 1919. In neither is there a claim for obsolescence and depreciation for the year 1918. These formal claims are therefore clearly insufficient. Plaintiff further contends that the briefs filed on May 9, 1925, and April 10, 1931, were amendments to the original claims and made adequate claim for a deduction for obsolescence and depreciation for the year 1918. An examination of the briefs clearly indicates that they were filed solely in support of the taxpayer's formal claims. No claim is made in the briefs for obsolescence or depreciation for the year 1918. Accordingly, the briefs are insufficient claims for obsolescence and depreciation for the year 1918. The Commissioner was without power to make any refund of the overpayments of $8,602.56 based upon said claims.

Plaintiff also contends that it is entitled to a refund of the full amount of overpaid taxes for the year 1918 in accordance with the provisions of section 284 (c) of the Revenue Act of 1926 (44 Stat. 66; U.S.C., title 26, § 1065, see 26 U.S.C.A. § 322). On May 20, 1932, after the period of limitation for filing claims had expired, the taxpayer filed a claim for refund of $9,151.63 based upon the above contention. The Commissioner rejected the refund claim for the reason that section 284 (c) of the Revenue Act of 1926 (U.S.C., title 26, § 1065, see 26 U.S.C.A. § 322) does not apply, as there was no reduction in invested capital.

Section 284 (c) of the Revenue Act of 1926 (U.S.C., title 26, § 1065, see 26 U.S.C.A. § 322) provides as follows: "If the invested capital of a taxpayer is decreased by the Commissioner, and such decrease is due to the fact that the taxpayer failed to take adequate deductions in previous years, with the result that there has been an overpayment of income, war-profits, or excess-profits taxes in any previous year or years, then the amount of such overpayment shall be credited or refunded, without the filing of a claim therefor, notwithstanding the period of limitation provided for in subdivision (b) or (g) has expired."

The situation contemplated by section 284 (c) which will give a taxpayer a right to a refund for failure to take deductions in previous years is a decrease in invested capital for the years under audit due to failure to take such deductions, which decrease results in an increase of taxes. Consequently, if there is no decrease in invested capital, due to failure to take adequate deductions in previous years, section 284 (c) does not apply. Southwestern Oil & Gas Co. v. United States (D.C.) 29 F.(2d) 404, affirmed (C.C.A.) 34 F.(2d) 446, certiorari denied 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646; First National Bank of Kansas City v. United States (C.C.A.) 65 F.(2d) 536; Denver Rock Drill Mfg. Co. v. United States (Ct.Cl.) 59 F.(2d) 834, 837, certiorari denied 287 U.S. 651, 53 S.Ct. 115, 77 L.Ed. 563.

In the final action by the Commissioner as well as the United States Board of Tax Appeals, Docket No. 7816, there was no reduction to invested capital due to obsolescence or depreciation sustained in the year 1918. There was a net loss for the year 1919 and consequently no tax. Denver Rock Drill Mfg. Co. v. United States, supra, 59 F.(2d) 834, 836. It readily appears, therefore, that since there was no decrease in invested capital due to failure to take adequate deductions in previous years and consequently no increase in taxes, section 284 (c) does not apply, and the action of the Commissioner in refusing to make refund was proper.

Plaintiff also contends that representatives of the taxpayer and the Commissioner entered into an agreement to refund the taxes for 1918. Since, under the law and regulations, the 1918 tax was not refundable, the agreement, even if otherwise valid, is not binding.

The requests for findings of fact and conclusions of law which have been submitted have been acted upon by the court, and are filed herewith.

Now, January 30, 1936, defendant's motion for judgment is sustained, and judgment is directed to be entered in favor of the defendant and against the plaintiff.