JOSIAH H. GOODRICH, administrator, *vs.* EDWIN G. COFFIN.

Somerset.   Opinion April 7, 1891.

*Account Stated.   Evidence.   Admissions.   R. S., c. 41, § 21.*

- Where parties agree upon a settlement of accounts by an amount stated, having
  at the time a particular sum in mind and alluding to the sum without
  naming it, it is competent to prove by other evidence (here by the admission
  of defendant) what the amount of the agreed indebtedness was.
- When a defendant sets up in an action on an account stated that, in the
  accounts computed, there were items of lumber sold illegally because the
  lumber had not been officially surveyed, the burden is on him to prove
  the facts.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit to recover for lumber and sawing the same. The declaration was in a single count upon account stated. The account annexed to the plaintiff's writ was as follows:

E. G. Coffin to John D. Baker,                    Dr.

January 20, 1886, to balance due on lumber and sawing lumber as agreed on settlement between the parties, $110.00

Interest,                                           13.20

                                                  ———————
                                                  $123.20

Plea, general issue.

When the cause came on for trial, the plaintiff introduced no evidence of an accounting, or a statement of their accounts, had between the defendant and the plaintiff's intestate in the lifetime of plaintiff's estate, or of an agreement between them that the sum mentioned in the account annexed, or any other specific sum, was due from defendant to plaintiff's intestate, except as appears in the evidence reported and made part of the exceptions; nor was there any evidence that the lumber mentioned in the account annexed to plaintiff's writ was ever surveyed by a sworn surveyor, as required by R. S., c. 41, § 21.

After the plaintiff's evidence was all out, the defendant's counsel moved for a nonsuit; whereupon the plaintiff asked leave to amend the declaration in the writ by striking out the item thirteen dollars and twenty cents in the account annexed, and to amend the declaration so as to read one hundred and ten dollars instead of one hundred and twenty-three dollars and twenty cents; which amendment was allowed by the court against the defendant's objections.

The defendant then moved for a nonsuit on the ground that there was a variance between the declaration and the proof, and also upon the ground that there was no evidence of a survey of the lumber by a sworn surveyor, and that thus the claim sued for was founded on an illegal transaction; which motion was overruled by the court.

The court instructed the jury, among other things, as follows :
"If you are not satisfied that the proof in this case which has
been offered sustains this declaration and the amount as claimed,
you are not authorized to return a verdict for the plaintiff. In
other words, you must be satisfied so far as the amount is con-
cerned that, from all the evidence introduced here, and it all
comes from the plaintiff's side, this defendant owed the deceased
in his lifetime $110.00 for lumber and for sawing. You have
heard the testimony of the administrator as to what was said to
him by the defendant, and you have also heard the testimony of
one or two other witnesses as to what they heard Mr. Coffin
say in regard to the amount that was due. If, from this evidence,
you are satisfied that the defendant did owe that amount,
$110.00, then you would be authorized to return a verdict for
that amount, provided no provision of statute is in the way."

To these rulings and instructions the defendant excepted.

The jury returned a verdict in favor of the plaintiff for $116.33.

In one of the conversations between the plaintiff and defend-
ant, the latter stated that the bill was all right, that John, meaning
the plaintiff's intestate, had "sent him a bill, and that he,"
Coffin, "had paid him something on it;" and when the plaintiff
told him it was twenty-five dollars and that the same had been
credited to him, he said it was all right, and repeatedly stated
that he would pay the bill. The defendant, also, admitted to
one Dinsmore, that there was due the Baker estate, one
hundred and ten dollars for the lumber. In the presence of one
Burke, the defendant said to the plaintiff, "You haven't received
that bill yet." The plaintiff said "No." "Well," he said, "it
should have been paid long ago. I was expecting some money,
but I didn't receive it. I will fix it shortly."

There was evidence to show that the lumber was used in
building a stable for the defendant, and that John D. Baker,
delivered part of the lumber.

The defendant offered no testimony.

*Merrill and Coffin*, for defendant.

An account stated is an agreement between persons who have

had previous transactions, fixing the amount due in respect of such transactions, and promising payment. See note to *Lockwood* v. *Thorne*, 62 Am. Dec. 85 ; Abbott's Tr. Ev. 458. The admission must be of some certain and fixed amount due. 1 Chit. Pl. 359 ; 2 Greenl. Ev. § 128 ; *Seagoe* v. *Dean*, 3 C. & P. 170. Not sufficient without naming or referring to a sum certain. *Bernasconi* v. *Anderson*, 1 Mood. & Malk. 183 ; note to *Wiggins* v. *Burkham*, 10 Wall. 129 ; Lawyer's Coop. Ed. Vol. 19, 885. Admission must be to plaintiff or his agent, Chit. Pl. and Greenl. Ev. *supra* ; *Hughes* v. *Thorpe*, 5 M. & W. 667 ; *Bates* v. *Townley*, 2 Exch. 152 ; *Hoffar* v. *Dement*, 5 Gill, 132 (S. C. 46 Am. Dec. 628) ; *Breckon* v. *Smith*, 1 A. & E. 488 ; *Thurmond* v. *Sanders*, 21 Ark. 255 ; note to *Lockwood* v. *Thorne*, *supra* ; *Anding* v. *Levy*, 57 Miss. 61 (S. C. 34 Am. Rep. 435). Only exception to the rule, is in favor of merchants. Cases, *supra*. Plaintiff testifies to no admission by defendant of any fixed and certain balance. Dinsmore not agent of plaintiff, or his intestate. Burke testifies to no specific sum. There is no evidence of a survey of the lumber. Without it, plaintiff has no basis on which to rest his account stated. *Richmond* v. *Foss*, 77 Maine, 590. A promise to pay for a past consideration for which there is no legal liability, does not make a binding contract. *Hooker* v. *Knab*, 26 Wis. 511 ; *Smith* v. *Ware*, 13 Johns. 257 ; *Western Bank* v. *Mills*, 7 Cush. 539 ; *Chenery* v. *Barker*, 12 Gray, 345.

*Walton and Walton*, for plaintiff.

PETERS, C. J. The plaintiff's intestate, in his life-time, had an account against the defendant for lumber, upon which a balance was due when he died. After his death the plaintiff, his administrator, and the defendant had frequent conversations about the bill. The administrator relies on an agreement upon an account stated between himself and the defendant, and we are unwilling to say that an agreement of the kind was not proved by such conversations. The frequent admissions and promises of payment made by the defendant to plaintiff may not

unreasonably be considered as having established an understanding in their minds that a certain balance was due and should be paid.

It is contended by the defendant that the testimony of the plaintiff, who testifies to the declarations of the defendant, is not sufficient to establish an agreement, because it does not identify any fixed and certain sum, as the balance to be paid; and, further, that any deficiency in that respect cannot be supplied by evidence outside of the parties themselves.

It is true that the amount of the bill was not named by either party in the interviews sworn to by plaintiff, for the reason, probably, that the sum was so clearly fixed in their minds that there was no occasion to speak of it. The promises were to pay *the* bill, *that* bill, *the* balance, and the like. Each party knew exactly what was referred to. The sum was implied as clearly as if spoken.

It is not true, however, that the amount of the bill cannot be legally proved by other evidence. Mr. Greenleaf says, on this exact point, 2 Ev. § 126, "If the amount is not expressed but only alluded to by the defendant, it may be shown by other evidence that the sum referred to was of a certain and agreed amount." This seems a consistent rule. Suppose the agreement referred to a note of hand, or written contract, or article of personal property, and allusion should be to *that* note, contract, or article, it would certainly be natural to rely on any satisfactory evidence to prove the identity of the thing alluded to. In the present case defendant's words spoken to a third person are the proof of amount.

And in this connection another objection is taken against the plaintiff's proof. The testimony of third persons was received revealing declarations made by the defendant to them. The defense contends that the peculiar contract, relied on in this case, cannot be made with a stranger to the contract. That is very true, but strangers may testify to declarations of the defendant which corroborate the testimony of the plaintiff, or prove any independent fact having relevancy to the issue. For such purpose only was such testimony received.

A further objection presented by the defense is that there is an absence of proof that the lumber originally sold was ever surveyed by a sworn surveyor as required by law. The statute requires official survey only when lumber is sold by the thousands of feet, and not when sold by quantity without survey. *Richmond* v. *Foss*, 77 Maine, 591.

The action not being prosecuted on an account for lumber sold, but on an agreement upon an account stated, although involving a lumber account, we think the burden rests on the defendant to show that any illegality taints the account. The statute is very severely penal, and illiberal constructions of it need not be cultivated. The lumber may have been sold in lump or by quantity, without necessity of survey.

　　　　　　　　　　　*Motion and exceptions overruled.*

LIBBEY, EMERY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.