**COLUMBUS PLATE & WINDOW GLASS CO.
v. MILLER, Collector of Internal
Revenue.**

District Court, S. D. Ohio, E. D.
Jan. 6, 1930.

HOUGH, District Judge.

The name of the original plaintiff was used in making consolidated returns for a group of corporations having substantially common stock ownership.

During the pendency of the suit, it was found to be practical to liquidate and surrender the charter of one or more of the group corporations. By an order of the court the present plaintiff as trustee was substituted.

The plaintiff sues for a refund of taxes paid for the years 1918 and 1919, because of losses claimed to have been sustained during those taxable years.

The right to the remedy is to be determined under the Revenue Act of 1918 (40 Stat. 1057), and the pertinent treasury regulations in force thereunder. The net income is taxable, and section 232 of the Act provides: "That in the case of a corporation subject to the tax imposed by section 230 the term 'net income' means the gross income as defined in section 233 less the deductions allowed by section 234. * * * "

Section 234, in so far as applicable, provides as follows: "(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * (4) Losses sustained during the taxable year and not compensated for by insurance or otherwise."

The details of the computations to arrive at net income are set out in Treasury Regulations No. 45, and Article 111 of those regulations deals with charges that are deductible from gross income in order to arrive at net income, and sets out in part as follows: " * * * any amount paid pursuant to a judgment * * * on account of damages for * * * patent infringement * * * is deductible from gross income when the claim is put in judgment or paid, less any amount of such damages as may have been compensated for by insurance or otherwise. * * * "

Upon the facts found in relation to the patent infringement litigation, it is to be determined whether or not a plaintiff is entitled to deduct, in arriving at net income for the years 1918 and 1919, the amounts eventually paid in satisfaction of the judgment taken against it and the group it represented. The litigation had been begun some years previous to 1918, and dealt with the infringement of a process used in the manufacture of glass and was of wide scope in and of vital importance to the glass industry. In the development of the litigation, it became tacitly understood that the first case brought and decided should be a test case. This case was decided by the District Court in November of 1918, and was appealed to the Circuit Court of Appeals, and was adverse to the claims of the plaintiff and its associated group. The Court of Appeals affirmed the District Court, and found additional liability against the plaintiff's group in an opinion handed down

October 13, 1919 (261 F. 362), upon which a mandate was issued dated October 23, 1919, but not sent down to the District Court until January 23, 1920, apparently withholding the same until after the Supreme Court of the United States had passed upon the application for writ of certiorari, which that court denied on the 12th day of January, 1920. 251 U. S. 558, 40 S. Ct. 179, 64 L. Ed. 413.

Negotiations were begun for settlement of the litigation perhaps in the year 1919, but the negotiations were not consummated until the year 1920. In 1920 also, stipulation was entered into that the decision of the Court of Appeals in the test case be the basis' of the settlement in the other case or cases.

The plaintiff set up reserves both in 1918 and 1919 to take care of "possible" liability as a result of the litigation. Its books were kept on the accrual basis. That the amount of the liability was not determined or paid until 1920 is conceded.

In dealing with items deductible from gross income in any given year, it is noted that the Treasury Department in its decisions and bulletins has proceeded on the theory that to become so deductible the items or amounts to be subtracted must be those in which a fixed liability has been determined. Treasury Decision 2433; Law Opinion 1059; Internal Revenue Bulletin vol. 4, p. 4; 2nd Cumulative Bulletin 82; Office Decision 1046, and numerous others.

The courts have followed the same process of reasoning, and have similarly interpreted the subject. In the case of Woods v. Lewellyn (C. C. A.) 252 F. 106, 108, the court had before it a situation where Woods, an insurance agent, had sold policies of insurance and was entitled to renewal commissions, claimed credits in the amount of those renewal premiums in arriving at his net income. The court says on page 108, in speaking of the renewal premiums—"No doubt they were earned by work done and money spent in the earlier years * * * his right to commissions on future renewals came then into being, and he himself was required to do no more. * * * Although the right had value, it lacked an essential element; no renewal premium might ever be paid, and in that event he would receive nothing more. * * * The right, therefore, was contingent. * * * He had a property right that had value, but contained also an element of risk, and unless he turned it into money it remained contingent."

To the same effect is the very similar case of Edwards v. Keith (C. C. A.) 231 F. 110.

The same principle was recognized in the case of U. S. v. Guinzburg (C. C. A.) 278 F. 363.

· In the case of U. S. v. Yale & Towne Manfg. Co., 269 U. S. 422, 46 S. Ct. 131, 134, 70 L. Ed. 347, the Supreme Court in holding that the munitions tax was an accruable item, said that it was so because all the events had occurred which fixed the amount thereof, and determined the liability of the taxpayer to pay it. See also Lewellyn, Collector, v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262.

The right to the deduction only obtains after the liability has been fixed, and during the year in which it so becomes fixed, and not in a year in which it is prospective, speculative, or contingent.

The decision of the United States District Court handed down in 1918, in which questions of supreme importance to the glass industry were at stake, would not be expected to be final, nor was it adopted by the parties as final, but was appealed to the higher court. The liability that that decision carried under the circumstances must be classified as contingent rather than fixed. The decision of the Court of Appeals in the fall of 1919 might have been considered by the parties as final in fixing their respective liabilities, if it had been so considered by the parties themselves. Ten days after the decision was handed down, a mandate was issued, but the mandate was held in suspension during the time that plaintiff's representative and others applied for a writ of certiorari and the disposition of the same by the Supreme Court. During that period, the liability had not become finally fixed, but still depended upon a contingency, while the parties in interest elected to further litigate the issues. The conclusion therefore is that in the years 1918 and 1919 there was no fixed liability, or no final basis for fixing the amount of liability, and that there is no warrant of law to allow any amounts resulting from the patent infringement litigation to be deducted in either of those years.

Since the briefing and argument of the case, a decision of the Court of Appeals of the Second Circuit has been reported, to wit: American Code Co., Inc., v. Commissioner of Internal Revenue, 30 F.(2d) 222. In that case, the court had before it a corporation which kept its books and made its income tax returns on the accrual basis. The 1919 tax was in controversy. In May of 1919, the corporation discharged one of its agents, who · was under contract to serve in his capacity for several years in the future. When the corpo-

ration repudiated its contract, it set up on its books for the year 1919 a reserve for the liability for the breach of contract. The decision was in favor of the taxpayer, and was so found on the theory that the loss was sustained at the time of the breach of contract, and the future assessment of damages to him was to be considered as of the time of the breach. This court is unable to follow the reasoning of this decision in the light of other decisions upon the same subject cited in this memorandum. It would seem that there was no certainty of liability growing out of the breach of the contract, and that the liability itself and the amount thereof would of necessity be a matter for future determination, just as happened in that case. The record of the instant case is in proper condition to appeal to the Court of Appeals, and should be taken to that court.

Plaintiff's bill of complaint is dismissed, and the government may recover its costs.