## HICKMAN v. UNITED STATES.

### No. 3325.

District Court, D. Connecticut.
Dec. 31, 1930.

Dean Hill Stanley, of Washington, D. C., for plaintiff.

John Buckley, U. S. Atty., George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest and Miles J. O'Connor, both of Washington, D. C.

THOMAS, District Judge.

This case was tried upon a stipulation waiving the jury. The plaintiff seeks to recover $1,524.31 income taxes paid for the calendar year 1918.

The case is here upon an agreed statement of facts as well as some testimony taken in open court. As the only issue involved is the applicability of the statute of limitations,

only a very brief reference will be made to the facts.

The plaintiff filed his income tax return for 1918 disclosing a tax of $1,708.24 which he paid in 1919. On or about March 11, 1920, he filed his income tax return for the calendar year 1919 showing a net loss in excess of $9,000. A few days later an amended income tax return for the year 1918 was filed showing a tax of only $183.93, after deducting the loss sustained in 1919. On March 13, 1920, the plaintiff filed a claim for refund in the sum of $1,524.31, setting forth that the taxable net income earned during the year 1918 should be set off against the loss sustained in 1919 under the provisions of section 204(b) of the Revenue Act of 1918 (40 Stat. 1061).

It is agreed that the claim for refund was rejected on Schedule 899, Form 7800, published by the Commissioner under date of October 25, 1922.

The stipulation as to the facts, in part, reads:

"That the defendant's exhibit marked Exhibit X (identified as such for the purpose of this stipulation) is a true and correct copy of the letter to the plaintiff by the Commissioner of Internal Revenue. * * *"

The stipulation further provides that the plaintiff denies that the letter was ever mailed by the Commissioner or received by the plaintiff. This letter is dated November 14, 1922. It was addressed by the Commissioner to the plaintiff, and reads as follows:

"November 14, 1922

"IT:PA:1

"JE:105–C

"Mr. William A. Hickman, 90 Fenway, Boston, Mass. Sir: By letter of May 16, 1922, you were requested to file evidence necessary to the completion of your claim for refund of $1,524.31, individual income tax for the year ended December 31, 1918.

"On August 22, 1922, your attention was again called to this matter.

"Since no reply has been received, it is understood that you do not desire to pursue the matter further.

"Your claim is therefore rejected and rejection will officially appear on the next schedule to be approved by the Commissioner.

"Respectfully,

"E. H. Batson, Deputy Commissioner.

"By                    Head of Division."

So far as the record before me discloses, nothing further seems to have been done from 1922 until February, 1926, when the plaintiff wrote a letter to the Commissioner of Internal Revenue to the effect that his claim for refund had never been acted upon. In reply, he was informed by the Commissioner that an examination of the file disclosed that the claim had been rejected on November 14, 1922, for lack of information requested by letters dated May 16, 1922, and August 22, 1922. Some correspondence thereupon followed, and counsel for the claimant conferred with auditors and others in the Internal Revenue Bureau. With reference to the merits of the plaintiff's claim, the last letter written by the Commissioner was dated January 3, 1928, and includes the following:

"It appears that numerous letters have been mailed by the Bureau to the taxpayer requesting evidence to support the claim which was filed and on November 14, 1922, the taxpayer's claim was rejected.

"After giving careful consideration to the statements made in your letters this office concludes that the request for the reopening of the claim is unwarranted."

In November, 1922, when the claim for refund was rejected, the applicable statute governing matters of this kind was section 1318 of the Revenue Act of 1921 (26 USCA § 156). That section purported to amend section 3226 of the Revised Statutes, and its relevant language is as follows:

"No such suit or proceeding [to recover taxes illegally assessed or erroneously paid] shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum."

It will be observed, then, that in 1922 the Revenue Act contained no provision for extending the period of limitation to a date two years removed from the final rejection of the claim by the Commissioner. The only limitation then extant was one of five years from the time when the tax had been paid. This suit was brought on February 14, 1929, which is, of course, considerably more than five years after the tax had been paid, and, if the provisions in the Revenue Act of 1921 were to govern, there could be no question but that this suit was barred.

Section 1014(a) of the Revenue Act of 1924 (26 USCA § 156), reamended section 3226 of the Revised Statutes so that a suit to recover taxes could not be brought "after

the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

It is, of course, unquestionable that the plaintiff has a right to the benefits of the provisions of the act of 1924 in so far as they are properly applicable to his claim. In other words, his claim for refund is not necessarily barred by the five-year limitation which obtained in 1922. If two years have not yet elapsed since the rejection of his claim, then suit for the recovery of this claim is not barred. That much seems to be conceded by the government.

Assuming that the provision for giving notice of rejection is mandatory, was the Commissioner compelled to give notice of rejection to the plaintiff in order to start the tolling of the statute?

It seems to me that even the most cursory reflection must result in the conclusion that, as to the claims that had been rejected prior to the enactment of the statute of 1924, the Commissioner was not required to give notice. The statute requires that the notice be given within 90 days after the rejection. Inasmuch as in 1922 there was no provision whatsoever for the giving of notice of rejection, and inasmuch as the Revenue Act of 1924 was not then effective, it is obvious that this law would have required an utter impossibility, if it intended that notice of the rejection of claims for refund must be given upon all claims determined prior to its enactment. As we will not assume that the Congress deliberately legislated an impossibility, we must assume that it was not intended that the provisions with relation to the giving of notice of disallowance by the Commissioner had any application except as to future claims or claims not yet determined. Nor are we to assume that Congress intended that the Commissioner of Internal Revenue, after the enactment of the Revenue Act of 1924, should re-examine every claim that had theretofore been decided in his office and mail notices of rejection upon every claim that had theretofore been decided, regardless of when it had been decided.

It follows, therefore, that as there was no requirement for the mailing of a notice of rejection when this claim was rejected, and as this suit was not brought either within five years of the payment of the tax or two years from the time when the claim was rejected, quite apart from all other reasons this suit is barred.

The plaintiff contends that, even assuming the rejection was originally effective as of November, 1922, such proceedings were thereafter had so that there really was no final rejection of the claim until the letter of January 3, 1928. I am unable to take this view of the matter. I cannot assume that the government, when it answers letters of inquiry and extends to taxpayers the courtesy of an investigation into its closed files, does so at the risk of indefinitely prolonging the statutory limitation. To me it is obvious that the plaintiff desired to have the Internal Revenue Department reopen this case for further consideration. Instead of curtly declining all further communication, the Department reassembled its files and re-examined the papers for the purpose of ascertaining whether there was any basis for the request to reopen the case. It repeatedly and patiently communicated with the plaintiff its position to the effect that it did not regard the facts as warranting the reopening of the case. The concluding language of the letter of January 3d is:

"After giving careful consideration to the statements made in your letters this office concludes that the request for the reopening of the claim is unwarranted.".

It cannot be successfully claimed that this letter was a final rejection when, by its very terms, it notified the claimant that his request to reopen the case was unwarranted. The government consistently stood by its rejection of 1922, and I find no basis for the assumption that that rejection had been in some way or other vacated or annulled, and that during all those years the claim of the plaintiff was before the Commissioner of Internal Revenue upon its merits.

Judgment is therefore rendered for the defendant, and the complaint is dismissed.