**FORD MOTOR CO., to Use and Benefit of
JEWEL TEA CO., Inc., v. UNITED
STATES.**

No. M–102.

Court of Claims.

May 8, 1933.

426

Julian C. Hammack, of Washington, D. C., for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The government interposes two defenses to plaintiff's right to recover: (1) That the taxes involved were legally imposed and collected under the provisions of section 900 of the Revenue Act of 1921 (42 Stat. 291), and section 600 of the Revenue Act of 1924 (26 USCA § 881 note); and (2) that the suit was not instituted within the time required by section 3226 of the Revised Statutes, as amended (26 USCA § 156).

Since we are of the opinion plaintiff's right of action was barred by the statute of limitations at the time of filing the petition, it is not necessary to consider and determine the question as to whether the plaintiff is otherwise entitled to recover.

The claim for refund was disallowed by the Commissioner of Internal Revenue on August 31, 1928. The suit was instituted on March 17, 1931. More than two years having elapsed after disallowance of the claim before suit was brought, the action is clearly barred unless the Commissioner thereafter, within the time he was by law permitted to do so, reopened the case and reconsidered his former action. It is the contention of plaintiff that the Commissioner did this, and that the two-year limitation on the right to bring suit started to run from March 18, 1929, the date on which it is contended the Commissioner finally acted on the claim for refund.

The statute makes no provision as to the reopening and reconsideration of a claim for refund after it has been formally disallowed by the Commissioner of Internal Revenue, but his right to do so is recognized in T.D. 3240, effective at the time reconsideration was requested by plaintiff on September 17, 1928. The right of the Commissioner of Internal Revenue to reopen and reconsider a disallowed claim for refund is also recognized by the courts. Southwestern Oil & Gas Co. v. United States (D. C.) 29 F.(2d) 404; Mobile Drug Co. v. United States (D. C.) 39 F.(2d) 940; McKesson & Robbins, Inc., v. Edwards (C. C. A.) 57 F.(2d) 147.

The rule established by the decisions is that, when the Commissioner, upon application made after a decision disallowing a claim, again enters upon a consideration of the merits of the case, and later renders his final decision thereon, the taxpayer has two years thereafter under section 3226 of the Revised Statutes (as amended 26 USCA § 156) within which to bring suit. It must appear, however, that the Commissioner has in

fact reopened the case and reconsidered it upon the merits. Where, however, the Commissioner after the receipt of a request from a taxpayer to have his case reopened and reconsidered merely re-examines the files of his own office and reviews the papers in the case for the purpose of determining whether there is any basis for the taxpayer's request to have his case reopened, and later notifies the taxpayer of his refusal to reopen the case for further consideration, it cannot be said he reconsidered the case upon the merits. Hickman v. United States (D. C.) 47 F.(2d) 328. This seems to be what the Commissioner did, and all he did in the instant case. Immediately after receipt of notice of disallowance of its claim by the Commissioner on August 31, 1928, plaintiff through its counsel went to the office of the General Counsel of Internal Revenue and interviewed attorneys there, and orally asked for a reconsideration of the case. Plaintiff's counsel at that time protested the Commissioner's ruling, and called to the attention of the attorneys with whom he talked a former ruling of the Bureau of the date of March 16, 1920, holding that the chassis in question were taxable at the 3 per cent. rate on automobile trucks or automobile wagons. Later, on October 1, 1928, plaintiff's counsel called again at the General Counsel's office and left a copy of this order. Subsequently, on November 16, 1928, plaintiff's counsel filed with the Bureau a formal written request for reconsideration of the case, to which request he attached a copy of the ruling of March 16, 1920, and also a copy of the subsequent order of August 20, 1923, revoking and modifying such order.

No further conferences were held between plaintiff's counsel and Bureau officials, and no letters or communications were thereafter exchanged between them. The Commissioner thereafter, on March 18, 1929, wrote a letter to plaintiff in which it was stated: "* * * The Bureau is therefore constrained to adhere to its previous rejection of the claim in question and must decline to reopen the same for further consideration." The plaintiff places some importance on the fact that the Bureau copy of the Commissioner's letter declining to reopen the case is stamped "closed." This indorsement has no special significance. The plaintiff, as we have seen, had the right at any time within the two-year period following disallowance of the claim within which suit could be instituted to request the Commissioner to reopen the case and reconsider his action. Plaintiff exercised that right, and had requested that the case be reopened and reconsidered. The Commissioner, upon a consideration of the request, declined to reopen the case and consider it further. On his decision not to reopen the case, it was closed so far as further action upon it by the Commissioner was concerned, and the word "closed" was very properly, though not necessarily, stamped on the Bureau copy of the letter notifying plaintiff that the case would not be reopened.

The plaintiff was not misled, and had no reason to believe the case had been reopened and reconsidered by the Commissioner. It had been definitely and in explicit language informed by the Commissioner that he had declined to reopen the case. More than seventeen months then remained of the two-year period within which suit could be instituted under section 3226 of the Revised Statutes (as amended 26 USCA § 156). The plaintiff did not institute suit within the time provided, and its present action, brought after the bar of the statute had fallen, cannot be maintained.

The petition is therefore dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.