R. J. EDERER NET & TWINE CO. v. UNITED STATES.

No. J—588.

Court of Claims.

June 4, 1934.

J. Louis Raap, of Baltimore, Md., for plaintiff.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $3,-003.09 with interest alleged to have been overpaid on its income taxes for the year 1918.

The facts in the case are not in dispute. The plaintiff duly filed an income and excess profits tax return for the year 1918 and paid the amount shown to be due in 1919. Later the Commissioner assessed an additional tax for 1918 which was paid in 1924. On August 12, 1921, plaintiff filed an amended return for 1918 in which it was alleged that the compensation of its officers for that year was $18,285.30, an increase of $4,299.79 over that shown in its original return.

It appears that one Samuel Corkran was the secretary and treasurer of plaintiff, employed under a contract which provided that he was to receive 20 per cent. of the profits of the concern. Corkran had himself credited in 1918 on plaintiff's books with $17,986.09 as compensation for his services for the year 1918. A dispute arose between Corkran and the directors as to the proper method of computing his compensation for that year and in June, 1919, his account was charged back

with $4,000.58, plaintiff's journal reciting that this was done to adjust his compensation for 1918. Finally, however, in 1920, the controversy was settled in Mr. Corkran's favor and on December 31, 1921, he was credited on the company's books with $4,299.79 "as of December 31, 1920," on account of compensation for the year 1918. Some bookkeeping adjustments make up the difference between the amount of this credit and the $4,000.58 originally charged against him.

Plaintiff contends that the amount of this credit became due to Corkran in 1918 and that consequently the amount of its income for that year had been overstated. Accordingly it filed two claims for refund, the latter of which filed November 12, 1924, needs only to be considered. In this claim it asked for the refund of $3,579.21 on the ground that it was entitled to the deduction of $4,299.79 on account of the compensation credited to Corkran for the year 1918. This claim for refund was rejected. On October 27, 1926, the plaintiff wrote a letter to the Commissioner asking for a reconsideration of its claim, to which the Commissioner replied stating that there was no additional information which would warrant reopening the claim. A further application for reconsideration was also denied. Subsequently the Commissioner of Internal Revenue without request reconsidered plaintiff's income and profits tax return for the year 1921 and allowed as a deduction from gross income for that year the compensation item of $4,299.79, and further proceedings were had under which $520.66 was paid to plaintiff on June 27, 1928.

█ Plaintiff kept its books under the accrual system and if the additional compensation finally allowed Corkran became a fixed liability in 1918 within the meaning of the law, it was entitled to a deduction accordingly. But we are clear that it did not. It is true that it was entered upon the books in that year by Corkran's directions, but this was disapproved by the directors and a counterbalancing entry made upon the books by their directions. The dispute as to whether Corkran was entitled to the sum he claimed was not settled until some time in 1920 and he was not given credit for the disputed item until December 31, 1921. We are not called upon to determine whether plaintiff was liable under the contract with Corkran. In Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 203, 74 L. Ed. 538, 67 A. L. R. 1010, it is said that "the mere refusal to perform a contract does not justify the deduc-

tion, as a loss, of the anticipated damages." In the same case the court refers to the fact that the liability for which a deduction was sought was not entered on the books during the tax year for which it was claimed. In Columbus Plate & Window Glass Co. v. Miller (D. C.) 38 F.(2d) 509, 510, the general rule was laid down which we believe to be correct, as follows:

"The right to the deduction only obtains after the liability has been fixed, and during the year in which it so becomes fixed, and not in a year in which it is prospective, speculative, or contingent."

The Supreme Court said further in Lucas v. American Code Co., supra:

"The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test. And the direction that net income be computed according to the method of accounting regularly employed by the taxpayer is expressly limited to cases where the Commissioner believes that the accounts clearly reflect the net income. Much latitude for discretion is thus given to the administrative board charged with the duty of enforcing the act. Its interpretation of the statute and the practice adopted by it should not be interfered with unless clearly unlawful."

We think the rules above laid down show that the Commissioner's refusal to allow the deduction for and in the year 1918 was correct.

█ There is, as we think, another fatal objection to plaintiff's cause of action. Its claim for refund was finally rejected on January 8, 1926. Suit was not begun until August 14, 1928, more than five years after the payment of the tax, and more than two years after the disallowance of the claim. It is consequently barred unless the claim was reopened and reconsidered by the Commissioner subsequent to January 8, 1926. Without reviewing specifically the facts upon which plaintiff relies, it is sufficient to say that we think the evidence shows all the Commissioner did after the date of rejection was to examine the files and papers for the purpose of determining whether there was any basis for the taxpayer's request, and that after such action the taxpayer was definitely notified of his refusal to reopen the case for further consideration. Under the rule laid down in Ford Motor Co. v. United States, 3 F. Supp. 423, 77 Ct. Cl. 581, it cannot be said that he reconsidered the case upon its merits.

Our conclusion is that the plaintiff's petition must be dismissed, and it is so ordered.