UNITED STATES TRUST CO. OF NEW YORK v. UNITED STATES.
No. 42875.

Court of Claims.
May 31, 1938.

478 .

Lyon & Lyon, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.
The first issue discussed in the briefs of counsel· in this tax case is: Was the transfer, evidenced by the deed of trust executed by plaintiff's decedent on December 27, 1916, made in contemplation of death? Revenue Act 1916, § 202(b), 39 Stat. 777. If it was, the plaintiff concedes inability to recover the taxes paid. The solution of this issue depends upon the facts. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L. Ed. 867.

The plaintiff contends for a judgment in the sum of $183,143.32, and the right to re-

cover the same is based upon a timely claim for refund alleged to have been reopened and reconsidered subsequent to denial, and the fact that the trust created by Mrs. Barber was not one executed in contemplation of death.

No substantial dispute arises from the record. Mrs. Barber was the widow of Herbert Barber, who died in the fall of 1915. Herbert Barber was a man of affairs, and during the course of his life amassed an estate of unusual proportions. Soon after the death of her husband Mrs. Barber duly executed her last will and testament disposing in this instrument of her individual property. This was accomplished on December 31, 1915. By the terms of her will a trust was created and the property involved was to be conserved and distributed as the terms of the trust provided, the trustor reserving an income from it for life, and a right to direct the sale of certain property, the proceeds of the same to become part of the corpus of the trust estate.

Contemporaneously with the execution of her will, Mrs. Barber executed another instrument which may be designated an intention to execute a deed of trust. On this date Mrs. Barber had not received her share of her deceased husband's estate and obviously was not then in a position to dispose of it by will. She did however anticipate its receipt by declaring in a written instrument that when she did receive it she would execute and deliver a formal instrument creating a trust on substantially the same terms as the trust created in her will.

December 27, 1916, Mrs. Barber executed the deed of trust mentioned above, and it does in its provisions substantially comply with the terms of the trust created in her will. Mrs. Barber died August 6, 1917. The defendant argues that the deed of trust executed December 27, 1916, was executed in contemplation of death. The facts of the case must determine the issue.

Mrs. Barber was the wife of a very astute and competent businessman. She was the mother of twelve children and obviously neither informed nor capable of continuing her husband's important business affairs. According to the record, her paramount desire was to conserve this valuable estate, provide for her own necessities, and distribute it equitably among her heirs. That she then contemplated her demise immediately or within the reasonably distant future is not established by the record.

. On the contrary, the record discloses that she was a woman of domestic habits, without knowledge of any existing organic disease, and that the impelling motive for creating a trust was to conserve the large estate coming to her for the benefit of her heirs, an estate which she was clearly incapable of managing and one which might suffer serious diminution if she gave heed to the importunities of two of her four sons.

Aside from all these facts, it is manifest from what Mrs. Barber did that her primary concern was to reserve to herself during her lifetime a sufficient income to take care of her and to immediately place the corpus in trust beyond recall for the use and benefit of others. She had no intent or desire to reduce the total value of the estate either of herself or her husband. She was alone concerned with the devolution of the estate accumulated by her husband and herself to their heirs at law.

Mrs. Barber did not contemplate immediate death when she executed the instruments referred to. She was approaching sixty-eight years of age and had no reason to suspect the acute illness which subsequently caused her demise, and there is no evidence in the case disclosing any information was imparted to her or to her children by a physician or one competent to ascertain the fact that she was afflicted with a fatal disease. The defendant relies solely upon the contemporaneous execution of the two documents mentioned above.

Whatever implications may be indulged from the fact that Mrs. Barber made her will and at the same time declared an intention in writing to create a trust estate when she received her share of her deceased husband's property, it is impossible, we think, to hold that the act relied upon absolutely precludes any other inference than the one defendant asserts.

May 15, 1922, the plaintiff filed a refund claim seeking a refund of $219,006.08, upon the ground that the estate held in trust by the plaintiff under the deed of trust dated December 27, 1916, was exempt from estate taxes. This claim was rejected by the Commissioner June 30, 1922. The plaintiff in making the tax return for 1918 as executor and trustee under the will returned the combined estate in its possession, and paid in due course the full amount of the tax in accord with the return, the last payment being made January 2, 1920, a total of $219,006.94.

Following the rejection of the above refund claim the plaintiff filed numerous requests with the Commissioner to reopen and reconsider the same. We will not review them in detail—too many are involved. It is sufficient to observe that the findings show that the requests were denied, and the claim was not reopened or reconsidered. The Commissioner did give attention to some of the requests but it is indisputable that he did not reopen or reconsider the claim, and in our view it would not inure, in the circumstances of this case, to the advantage of the plaintiff had he done so.

■ Giving attention again to the date of the refund claim involved, i. e., May 15, 1922, and the date of its rejection, June 30, 1922, under Section 3226 Revised Statutes (44 Stat. 116, § 1113(a), 26 U.S.C.A. §§ 1672–1673), the plaintiff had two years in which to institute suit, and suit was not filed until December 7, 1934, over twelve years later. The plaintiff seeks to avoid Section 3226 through its repeated requests for a reopening and reconsideration of its refund claim. The argument advanced is untenable, both from a factual and legal standpoint.

A contention similar to the above was made in the case of Ford Motor Co. v. United States, 3 F.Supp. 423, 426, 77 Ct.Cl. 581, 589, certiorari denied 291 U.S. 683, 54 S.Ct. 560, 78 L.Ed. 1070, and this court in the opinion said:

"The rule established by the decisions is that, when the Commissioner, upon application made after a decision disallowing a claim, again enters upon a consideration of the merits of the case, and later renders his final decision thereon, the taxpayer has two years thereafter under section 3226 of the Revised Statutes (as amended 26 U.S.C.A. § 156) within which to bring suit. It must appear, however, that the Commissioner has in fact reopened the case and reconsidered it upon the merits. Where, however, the Commissioner after the receipt of a request from a taxpayer to have his case reopened and reconsidered, merely re-examines the files of his own office and reviews the papers in the case for the purpose of determining whether there is any basis for the taxpayer's request to have his case reopened, and later notifies the taxpayer of his refusal to reopen the case for further consideration, it cannot be said he reconsidered the case upon the merits. Hickman v. United States (D.C.) 47 F.(2d) 328. This seems to be what the Commissioner did, and all he did in the instant case."

If effect is to be given to the final action of the Commissioner on plaintiff's claims for refund the date is May 27, 1929, on which date the Commissioner refunded certain sums upon a claim filed December 31, 1921. These refund claims did not prefer rights to refunds based upon the same subject matter as the refund claim of May 15, 1922, herein considered, and they were allowed as claimed deductions. It is obvious from the facts found that a suit instituted in 1934 is too late to recover any sum covered by said claims.

■■ The plaintiff's first request for a reopening and reconsideration of the refund claim in suit was made on June 8, 1927, nearly five years after its rejection. Hence the Commissioner was without authority to revive the statute of limitation on suit even if he had reopened and reconsidered the claim. Moreover, Section 3226 precludes the right of the Commissioner to reopen and reconsider a claim when on the date of the request a suit thereon is barred by the statute of limitations. In the Ford Case, to which we have alluded, this court said:

"The plaintiff, as we have seen, had the right at any time within the two-year period following disallowance of the claim within which suit could be instituted to request the Commissioner to reopen the case and reconsider his action." Page 591, 3 F.Supp. page 427.

If the Commissioner possessed the right to reopen and reconsider a refund claim when suit to recover, because of a rejection of the same, is barred by limitation, he could, as said in the case of United States v. Garbutt Oil Co., 302 U.S. 528, 534, 58 S.Ct. 320, 323, 82 L.Ed. ——, "defeat the only purpose of the statute and impose a liability upon the United States which otherwise would not exist." In our opinion the plaintiff signally failed to avail itself of established remedies within the time limited by law, and the petition will be dismissed. It is so ordered.