## UNITED STATES v. BERTELSEN & PETERSEN ENGINEERING CO.

### No. 3243.

Circuit Court of Appeals, First Circuit.

July 13, 1938.

For former opinion, see 95 F.2d 867.

Loring W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and F. A. Michels, Sp. Assts. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellant.

O. Walker Taylor and Ray Henry, both of Boston, Mass., for appellee.

Before BINGHAM, ·WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for a rehearing in the above entitled cause. The case was heard a second time by this court on appeal from the District Court of Massachusetts, and the judgment of the District Court was affirmed.

The issues raised on this appeal by the assignments of error were whether a deficiency assessment of $34,555.68 made by the Commissioner of Internal Revenue for the year 1918 was made within the statutory period of limitation, as extended by certain waivers filed by the taxpayer. The government also for the first time raised the question in its assignments of error as to whether the District Court had jurisdiction of the cause, relying on Sec. 24 (5, 20) of the Judicial Code as amended, 28 U.S.C.A. § 41 (5, 20).

This court held that a fifth waiver filed in December, 1925, which purported to extend the time for the assessment of the 1918 tax to December 31, 1926, was ineffective, since it was not assented to by the Commissioner in writing, and that the assessment of the deficiency tax for 1918 on July 27, 1926, was therefore void.

The petition for rehearing was granted on the sole question of whether the District Court had jurisdiction to hear and decide the case.

■■ Some confusion has arisen in the consideration of the case as to whether the taxpayer's petition was grounded on the Commissioner's certificate of overassessment in 1917 as an account stated, or on a balance due on an allowed claim. In either case it is urged by the government that the Court of Claims has sole jurisdiction of the cause. Since this is a petition for rehearing, the case is to be heard anew on the question to which the rehearing is limited. If counsel for plaintiff in their brief, or this Court in its opinion, used language which may be construed as indicating that the taxpayer's petition was based solely on the Commissioner's certificate of overpayment of the 1917 tax, either as an account stated or as an allowed claim, we think, on rehearing on the question of the jurisdiction of the District Court to hear and determine the case, that the facts on which jurisdiction is based are opened for further consideration.

The certificate of overassessment issued by the Commissioner on July 27, 1926, disclosed an overpayment by the taxpayer of the 1917 tax of $91,570.34, of which the Commissioner ordered refunded to the taxpayer approximately $55,000, and on July 27, 1926, credited $34,555.68 to a deficiency tax for 1918.

It cannot be said that the certificate of overassessment constituted an account stated between the government and the taxpayer, since the taxpayer refused to assent to the application of any part of the overpayment to a deficiency tax for 1918. To constitute an account stated there must be an agreement as to liability and the amount due. Goodrich, Adm'r, v. Coffin, 83 Me. 324, 22 A. 217. That the taxpayer's petition was not based on an allowance of an overpayment for 1917, and an implied promise by the government to refund, is equally clear, since the taxpayer refused to assent to the application of $34,555.68 to a deficiency tax of 1918. The application by the Commissioner on July 27, 1926, of a part of the overpayment for 1917 to a deficiency tax for 1918, against the protest of the taxpayer, constituted a disallowance of so much of the petitioner's original claim for refund.

On November 25, 1927, the taxpayer wrote the Commissioner that, inasmuch as its original claim for refund for 1917 as to the part now sued for had been rejected within two years, it was filing a refund claim for that part of the 1917 overpayment erroneously applied to a deficiency tax for 1918 as a protective measure; and on November 28, 1927, the taxpayer renewed its claim for a refund of $34,555.68 as an overpayment of its 1917 tax by filing with the Commissioner of Internal Revenue a specific claim for the amount under Sec. 3226 R.S. as amended by Sec. 1113 of the Revenue Act of 1926, 44 Stat. 116, to which claim the suit of the taxpayer relates, the receipt of which claim was acknowledged by the Commissioner.

On February 6, 1928, the Commissioner of Internal Revenue notified the taxpayer by letter that its claim of November 28, 1927, had been examined and would be rejected, which rejection would appear on the next schedule approved by the Commissioner.

The chairman of the Special Advisory Committee of the Bureau of Internal Revenue in a memorandum furnished the taxpayer stated relative to its alternative claims for 1917 and 1918 filed November 28, 1927, that: "The claims were considered on the merits and in a Bureau letter dated February 6, 1928, they were proposed for rejection." They were officially rejected on February 28, 1928.

Within two years from the final disallowance of said claims on February 28, 1928, the taxpayer on September 19, 1929, filed a petition in the District Court for the District of Massachusetts to recover the sum of $34,555.68 with interest, which it alleged had been erroneously disallowed.

In the case of Jones v. United States, 5 F.Supp. 146, 152, the Court of Claims held:

"That a reconsideration of a refund claim on the merits constitutes a reopening of the claim is no longer open to doubt. Mobile Drug Co. v. United States (D.C.) 39 F.(2d) 940, and McKesson & Robbins, Inc., v. Edwards (C.C.A.) 57 F.(2d) 147. These cases announce the rule that when the Commissioner, upon application made by a taxpayer within the time in which suit could be instituted on a disallowed claim, enters into a reconsideration of the merits of the claim and later makes a decision thereon rejecting the claim, or adheres to his former decision rejecting it, his decision for the purpose of the statute of limitations is in abeyance until he has reached and announced his final decision, and the taxpayer, under section 3226 of the Revised Statutes, as amended, 26 U.S. C.A. Sec. 156 [now 26 U.S.C.A. §§ 1672–1673], has two years thereafter in which to institute suit. * * * There must be an actual reconsideration of the case, and the final decision must be upon the merits of the claim. Ford Motor Co. v. United States (Ct.Cl.) 3 F.Supp. 423; Hickman v. United States (D.C.) 47 F.(2d) 328. We think this case clearly illustrates what constitutes the reconsideration of a claim for refund. It meets in every respect the requirement that the claim must be reconsidered and decided upon its merits."

In the case of Southwestern Oil & Gas Company v. United States, D.C., 29 F.2d 404, 406, certiorari denied 280 U.S. 601, 50 S.Ct. 82, 74 L.Ed. 646, the Court said:

"The plaintiff * * * further contends that the date of the Commissioner's final rejection of its claim was not April 28, 1925, but August 31, 1927, as the Commissioner, pursuant to plaintiff's request made prior to the expiration of two years following the original rejection, had reopened the judgment and reconsidered the claim. We find the last of these contentions to be sustained by the findings of fact, and that the claim was actually reopened and reconsidered, and finally decided on August 31, 1927, and consequently plaintiff's action is not barred by section 3226, R.S., as re-enacted by section 1113 of the

Revenue Act of 1926, and section 281 (a) and (b) of the Revenue Act of 1924 * * *."

In Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, 107, the Court said:

"In the present case, even if the Commissioner should be held to have decided every claim under the taxpayer's original petition, on March 26, 1927, when the second claim was filed, two years had not elapsed since the rejection of the first claim; it was still open to the plaintiff to sue on the denial of the first claim and to the Commissioner to reconsider his decision on the first claim and permit it to be amended and reheard."

Also see Pratt & Whitney Co. v. United States, Ct.Cl., 6 F.Supp. 574; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 66, 53 S.Ct. 278, 279, 77 L.Ed. 619.

The government having admitted all the jurisdictional facts except those authorizing the District Court to hear such a case, the facts appearing in the record demonstrate that the suit was one which could have been brought against a Collector, if living, but who is now dead or out of office.

We think the contention of the taxpayer must be sustained, viz: that the filing of the second claim for refund on November 28, 1927, and its consideration on its merits was a reopening of the original claim of refund which had been timely filed under Sec. 3226 R.S. (amended by Sec. 1113 of the 1926 Revenue Act, 44 Stat. 116); Jones v. United States, supra, page 152; Southwestern Oil & Gas Company v. United States, supra, page 406; that the Commissioner accepted the claim as such without any objection as to its timeliness or form and considered it on its merits and officially denied it on February 28, 1928, and the suit of the taxpayer was filed within two years, or on September 19, 1929.

The case of Lowe Bros. Co. v. United States, 6 Cir., 92 F.2d 905, affirmed by the Supreme Court on May 16, 1938, 58 S.Ct. 896, 82 L.Ed. ——, does not militate against the taxpayer's right of recovery in this case, since the tax for the year in question in that case was not collected by a collector who was dead or out of office, as the 1917 tax had been in this case, but was in effect collected by the Commissioner of Internal Revenue by applying an overpayment as a credit on taxes for a prior year, which the Commissioner attempted to do in this case for an alleged deficiency tax for 1918.

Upon a reconsideration of the facts and the briefs on rehearing, we think this action was brought to recover that part of a claim for refund of the 1917 overpayment which had been disallowed by improperly applying it to an invalid assessment of a deficiency tax for 1918.

On rehearing the judgment of the District Court will stand affirmed.