# UNITED STATES *v.* BERTELSEN & PETERSEN ENGINEERING CO.*

No. 416.   Argued February 3, 1939.—Decided February 27, 1939.

---

*Together with No. 437, *United States* v. *Jaffray, et al., Trustees.* Certiorari to the Circuit Court of Appeals for the Eighth Circuit. Argued February 2, 3, 1939.—Decided February 27, 1939.

*Mr. Charles A. Horsky,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Lee A. Jackson* were on the briefs, for the United States.

*Mr. Hayner N. Larson,* with whom *Mr. J. B. Faegre* was on the brief, for respondents in No. 437.

*Mr. O. Walker Taylor* for respondent in No. 416.

*Mr. John E. Hughes,* by leave of Court, filed a brief, as *amicus curiae.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In each of these causes counsel for the United States maintain the District Court was without jurisdiction to determine the issues. The Circuit Courts of Appeal ruled otherwise and approved judgments for respondents. The collectors who received the excess taxes in question were either dead or out of office when the proceedings to recover were commenced. The question of jurisdiction only is open for our consideration.

Section 145 Judicial Code [1] empowers the Court of Claims to hear and determine claims against the United

---

[1] Tucker Act March 3, 1887, c. 359, 24 Stat. 505; Act June 27, 1898, c. 503, 30 Stat. 494; July 1, 1898, c. 546, 30 Stat. 597, 649; February 26, 1900, c. 25, 31 Stat. 33; March 3, 1911, 36 Stat. 1087, 1136; U. S. C. Title 28, § 250 (1).

States arising out of contract, express or implied. Prior to 1921 § 24 (20) Judicial Code gave District Courts concurrent jurisdiction when the claim did not exceed Ten Thousand Dollars.[2]

The Acts of 1921, 1924, 1925 and 1926 [3] enlarged the jurisdiction of District Courts by adding the following to § 24 (20) Judicial Code:

"Concurrent with the Court of Claims, of any suit or proceeding, commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected, under the internal-revenue laws, even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced."

Section 3226 Revised Statutes as amended and reënacted by Revenue Act 1926, c. 27, § 1113 (a), 44 Stat. 9, 116 provides—

"No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or col-

---

[2] "The district courts shall have original jurisdiction as follows: ... .

"Twentieth. Concurrent with the Court of Claims, of all claims not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an Executive Department, or upon any contract, express or implied, with the Government of the United States, . . ."
Act March 3, 1911, 36 Stat. 1087, 1091, 1093; U. S. C. Title 28, § 41 (20).

[3] See Act November 23, 1921, c. 136, 42 Stat. 227, 311; June 2, 1924, c. 234, 43 Stat. 253, 348; February 24, 1925, c. 309, 43 Stat. 972; February 26, 1926, c. 27, 44 Stat. 9, 121. U. S. C. Title 28, § 41 (20)

lected, . . . until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, . . . No such suit or proceeding shall be begun . . . after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

Section 3226 was further amended by Act June 6, 1932, c. 209, § 1103 (a), 47 Stat. 169, 286, so as to read as shown in the margin.[4]

## No. 416.

The Commissioner of Internal Revenue undertook to deduct more than Ten Thousand Dollars from an admitted overpayment by respondent upon 1917 taxes and to apply this to a declared deficiency for 1918 taxes then barred by the Statute of Limitations. By this suit respondent seeks a judgment for the amount so deducted.

The Circuit Court of Appeals properly held "this action was brought to recover that part of a claim for refund of the 1917 overpayment which had been disallowed by improperly applying it to an invalid assessment of a

---

[4] "Section 3226 of the Revised Statutes, as amended, is amended to read as follows:

"Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, . . . No such suit or proceeding shall be begun . . . after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

U. S. C. Title 26, §§ 1672–1673.

deficiency tax for 1918." Also, rightly we think, that timely and proper claim for the overpayment for 1917 had been made as required by § 3226 Revised Statutes as reënacted 1926.

And we accept the conclusions stated in the following excerpt from its opinion—

"The certificate of overassessment issued by the Commissioner on July 27, 1926, disclosed an overpayment by the taxpayer of the 1917 tax of $91,570.34, of which the Commissioner ordered refunded to the taxpayer approximately $55,000, and on July 27, 1926, credited $34,555.68 to a deficiency tax for 1918. It cannot be said that the certificate of overassessment constituted an account stated between the government and the taxpayer, since the taxpayer refused to assent to the application of any part of the overpayment to a deficiency tax for 1918. To constitute an account stated there must be an agreement as to liability and the amount due. Goodrich, Admr. *v.* Coffin, 83 Me. 324. That the taxpayer's petition was not based on an allowance of an overpayment for 1917, and an implied promise by the government to refund, is equally clear, since the taxpayer refused to assent to the application of $34,555.68 to a deficiency tax of 1918. The application by the Commissioner on July 27, 1926, of a part of the overpayment for 1917 to a deficiency tax for 1918, against the protest of the taxpayer, constituted a disallowance of so much of the petitioner's original claim for refund. . . . the suit was one which could have been brought against a Collector, if living, but who is now dead or out of office."

*Lowe Bros. Co.* v. *United States,* 304 U. S. 302, 303, is not controlling. There the suit was begun in the District Court to recover an overpayment of 1917 taxes the alleged result of a credit made by the Commissioner from an admitted overpayment for 1918. For this no action could have been maintained against the collector—he did not

make or authorize the credit. Therefore, the amendment to § 24 (20) Judicial Code (28 U. S. C. § 41 (20)) enlarging the jurisdiction of the District Court had no application. Here the collector might have been sued since he wrongly received payment on account of 1917 taxes. The present cause falls within the very words of the amendment.

No. 437.

Respondents overpaid internal revenue taxes in sums exceeding Ten Thousand Dollars for 1922, 1923 and 1924; and for 1925, $7,800. The Commissioner issued certificates to that effect August 16, 1933. He refused to repay these sums but undertook to credit them to deficiencies which he assessed against respondents for 1926, 1927, 1928.

Thereupon this suit was brought to recover the overpayments for 1922 to 1925 under § 24 (20) Judicial Code as amended (U. S. C. Title 28, § 41 (20)) which gives District Courts jurisdiction in respect of taxes erroneously received by a collector out of office. Respondents maintain that, in fact, there were no deficiencies for 1926, 1927, 1928, and that by attempting to credit overpayments for 1922 to 1925 against non-existing deficiencies the Commissioner in effect denied their claims for refund.

On the other hand petitioner insists that the Commissioner's action in allowing the overpayments and crediting them against alleged deficiencies amounted to payments on account of taxes assessed for 1926 to 1928. And, as it was the Commissioner and not the collector who caused such credit of overpayments to deficiencies, the District Court was without jurisdiction.

The Circuit Court of Appeals held the suit was one to recover overpayments admittedly made to the collector and in respect of which timely claims for refund had been filed.

282

It said—

"The crediting of the overpayments, by the Commissioner, against taxes due from the taxpayer for other years was a matter of defense, a justification for the failure to refund, and not a matter which destroyed the taxpayer's cause of action or ousted the court of jurisdiction."

This conclusion we think is correct. Other points suggested, so far as presently important, are sufficiently answered by what has been said in No. 416.

Both of the challenged judgments must be

*Affirmed.*

MR. JUSTICE REED took no part in the consideration or decision of either of these causes.