## GANS S. S. LINE v. UNITED STATES.
### No. 370.

Circuit Court of Appeals, Second Circuit.

June 30, 1939.

John E. Hughes, of Chicago, Ill., and Jacob S. Seidman, of New York City, for appellant.

John T. Cahill, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff filed its income tax return for 1917 on June 25, 1918, and paid the taxes thereby shown to be due. Within due time thereafter, it filed a claim for refund, asking for special assessment under section 210 of the Revenue Act of 1917, 40 Stat. 307. The request was granted and resulted in the issuance of a certificate of over-assessment and a schedule of refunds and credits wherein the commissioner found an overpayment of the plaintiff's 1917 taxes in the sum of $535,560.55. Of this sum, $319,091.50 plus interest thereon was refunded to the plaintiff in 1925, and

the balance, $216,469.05, was credited against unpaid taxes for the year 1919, the collection of which was then barred by the statute of limitations. The plaintiff accepted the check for refund and at no time disputed its sufficiency until 1929 when it filed a claim for refund of the 1919 taxes on the ground that collection of them in 1925 by means of the aforesaid credit was unlawful. What disposition was made of this claim for refund of 1919 taxes does not appear, but it is admitted that the plaintiff overpaid its 1917 taxes to the extent of $216,469.05 and no refund thereof has been made. To recover this overpayment with interest from June 25, 1918, the present action was brought against the United States in 1936, at which time the collector to whom the plaintiff's 1917 taxes were paid was no longer in office. The district judge found the facts as above stated, and concluded as a matter of law that the court was without jurisdiction. The judgment of dismissal, however, says nothing of lack of jurisdiction.

■ This action seeks recovery of taxes illegally collected for the year 1917—not 1919 (the year to which the 1917 overpayment was credited). Hence the suit might have been brought against the collector to whom the payment was made; and, he being out of office, it may be brought against the United States pursuant to paragraph 20 of section 24 of the Judicial Code, as amended, 28 U.S.C.A. § 41(20). United States v. Bertelsen & Petersen Engineering Co., 306 U.S. ——, 59 S.Ct. 541, 83 L. Ed. ——.

■ The main controversy on this appeal is whether the suit was brought in time; and this turns on whether the commissioner by crediting the overpayment of $216,469.05 for 1917 taxes against the barred tax liability for 1919 must be taken to have "disallowed" this part of the taxpayer's claim for refund of 1917 taxes. If so, section 1103(b) of the Revenue Act of 1932, 47 Stat. 286, 26 U.S.C.A. §§ 1672–1673 note, makes applicable the limitation in amended section 3226 of the Revised Statutes as re-enacted in section 1113(a) of the Revenue Act of 1926, 44 Stat. 116, which forbids a suit to be brought more than five years after payment of the tax "unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates."

The plaintiff argues that its claim for refund was allowed for $535,560.55, as the pleadings admit, and that crediting part of the overpayment against another tax liability cannot be considered a "disallowance" of such part. Upon this premise, which must be conceded to have some verbal force, the plaintiff urges that no statute of limitation applies to its suit because of section 1103(a) of the 1932 Act, 47 Stat. 286, 26 U.S.C.A. §§ 1672–1673, which provides "* * * No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

Of course no notice by registered mail of the disallowance of the part of the claim in suit was ever sent to the plaintiff; the commissioner had acted on its claim for refund long before this section was enacted. Plainly Congress did not intend section 1103(a), 26 U.S.C.A. §§ 1672–1673 to apply to such a situation. Section 1103(b), 26 U.S.C.A. §§ 1672–1673 note provides: "Suits or proceedings instituted before the date of the enactment of this Act shall not be affected by the amendment made by subsection (a) of this section to section 3226 of the Revised Statutes. In the case of suits or proceedings instituted on or after the date of the enactment of this Act where the part of the claim to which such suit or proceeding relates was disallowed before the date of the enactment of this Act, the statute of limitations shall be the same as provided by such section 3226 before its amendment by subsection (a) of this section."

We think that the word "disallowed" in section 1103(b) should be given an interpretation broad enough to include the situation at bar. When the commissioner admits overpayment but credits the amount overpaid against an asserted underpayment for another year, collection of the underpayment being barred and the attempted offset being improper, the action of the commissioner has been regarded by the courts as a disallowance of the claim for refund so far as concerns the starting of the period of limitation. Pratt & Whitney

Co. v. United States, Ct.Cl., 6 F.Supp. 574, certiorari denied 295 U.S. 760, 55 S.Ct. 919, 79 L.Ed. 1702; First Nat. Bank of Beaver Falls v. United States, Ct.Cl., 8 F.Supp. 484; John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, 473; Moses v. United States, 2 Cir., 61 F.2d 791, 795 (C.C.A. 2), certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490. There is nothing to the contrary in United States v. Bertelsen & Petersen Engineering Co., 306 U.S. 276, 59 S.Ct. 541, 83 L.Ed. 647. In that case, as appears from the facts as stated in 1 Cir., 98 F.2d 132, the taxpayer filed a second claim for refund, which was disallowed, and suit was begun within two years after such disallowance. This was likewise true in Untermyer v. Bowers, 2 Cir., 79 F.2d 9. It is true that in Bonwit Teller & Co. v. United States, 283 U.S. 258, 265, 51 S.Ct. 395, 75 L.Ed. 1018, there is a dictum that crediting an overpayment against an asserted tax liability for another year is not a disallowance of the claim for refund; but this dictum was not thought by the seventh circuit to control such a case as the present. See John F. Jelke Co. v. Smietanka, supra. We agree with that conclusion.

The plaintiff urges that the construction we adopt substantially nullifies the remedial legislation enacted as sections 607, 609(a) and 609(c) of the Revenue Act of 1928, 45 Stat. 874, 875, 26 U.S.C.A. §§ 1670(a) (2), 1675(a, c), which invalidate credits applied against barred tax liabilities. By section 609(c) these provisions are made retroactive, but we cannot read them as limiting the restrictions contained in section 1113(a) of the Revenue Act of 1926, 44 Stat. 116, as to the time within which suits for the recovery of illegally collected taxes must be brought. In accord with this view are John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, 473; Pratt & Whitney Co. v. United States, Ct. Cl., 6 F.Supp. 574, 576, on later hearing, Ct.Cl., 10 F.Supp. 148, 150; James A. Hearn & Son v. United States, Ct.Cl., 8 F.Supp. 698, 699.

Finally, it is contended that the defendant is precluded by the pleadings and stipulation of facts from insisting that the plaintiff's claim for refund was disallowed as to the part credited against the asserted 1919 tax liability. The amended complaint alleges that the refund claim was "allowed and never rejected" as to the overpayment for $535,560.35, and this allegation is admitted by the answer. By the stipulation of facts it was also agreed that the plaintiff's refund claim was "allowed for $535,-560.55." But the documents embodying the commissioner's action on the claim for refund were also pleaded by the plaintiff and admitted by the answer and the stipulation. These documents disclose just what was done and show that as to the $216,469.05, to which this suit relates, there was in law a "disallowance." The parties' legal conclusion that it was "allowed and never rejected" cannot contradict the actual facts pleaded and stipulated. The present contention of the plaintiff is but another way of saying that the government may be estopped by the pleadings from relying upon the statute of limitations, but in suits against the United States the question of limitations can be successfully urged as a defense whenever it appears from the record that the suit is barred. See Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Pacific Mills v. Nichols, 1 Cir., 72 F.2d 103, 105. Accordingly, the judgment dismissing the complaint must be affirmed on the ground that the action was commenced too late.