## C. T. C. INV. CO. v. UNITED STATES.

### No. 6790.

Circuit Court of Appeals, Seventh Circuit.

Dec. 14, 1939.

Irvin H. Fathchild, of Chicago, for plaintiff-appellant.

George H. Zeutzuis, Department of Justice, Tax Division, of Washington, D. C., James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and F. A. Michels, Sp. Assts. to the Atty. Gen., (William J. Campbell, U. S. Atty., and David L. Bazelon, Asst. U. S. Atty., both of Chicago, Ill., of counsel), for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Plaintiff's appeal is from an order of the District Court dismissing for want of jurisdiction, its action against the Government. In this action plaintiff sought to recover $20,698.20 overpaid as corporate income taxes for the years 1920, 1924, 1925, and 1928. The finding of lack of jurisdiction was predicated on the theory that the cause of action was not one arising under the Tucker Amendment, 28 U.S.C.A. § 41, par. 20.

Plaintiff, a successor of the Chicago Trust Company, received certificates of over-assessment of taxes paid by its predecessor, amounting to $29,587.68.[1] It claimed there was also due an additional sum of $12,227.79,[2] making a total overpayment of $41,815.47, based on over-assessments. It was admitted by plaintiff that it owed the Government deficiencies and interest amounting to $21,117.27.[3] The net amount, therefore, which plaintiff now seeks to recover is the difference between the alleged over-assessments and the admitted deficiencies owed the Government, to-wit $20,698.20.

The Government moved to dismiss on two grounds: (1) Plaintiff failed to allege that any claim for refund had been filed, or that plaintiff had complied with Sec. 3226 of the Revised Statutes, 26 U.S.C.A. §§ 1672–1673, and it failed to allege that the cause of action accrued less than six years ago. (2) The claim sued upon is based on an implied promise of the Government's certificates of over-assessment, and being in excess of $10,000, it could not be enforced in a suit in the District Court.

The District Court adopted the second ground, and dismissal was for want of jurisdiction. The court did not consider the claim on its merits, nor did it pass upon sufficiency of allegations to state a valid cause of action.

The validity of the District Court's ruling turns upon the construction and application of Title 28 U.S.C.A. § 41 (20), Section 24 (20), Judicial Code, which reads:

"The district courts shall have original jurisdiction as follows:

\* \* \* \* \* \*

"(20) Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, *or upon any contract, express or implied,* with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court; and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been

---

[1] For the year 1920........ $ 3,743.88
For the year 1924........ 20,582.11
For the year 1925........ 3,516.37
For the year 1928........ 1,745.32

Total ............. $29,587.68

[2] 1920 Additional credits............. $ 1,742.32
1924 Additional credits............. 4,417.70
1925 Additional credits............. 6,067.77

Total ...................... $12,227.79

[3] Upon 1920 tax........................ $ 5,296.22
Interest upon same.................. 2,304.72
Additional interest upon same..... 1,910.23
Upon 1928 tax....................... 5,563.04
Interest upon same................. 1,401.73
Upon tax for Jan. 1 to June 30, 1929 4,641.33

Total ...................... $21,117.27

erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. * * *" U.S.C.A., Title 28, § 41, par. 20.

The Government contends that the suit is *ex contractu*—one that is based on the certificates of over-assessment issued by the Government. Inasmuch as the amount involved exceeds $10,000, jurisdiction of such a claim is lodged solely in the Court of Claims and the District Court is without jurisdiction. Its argument is that the complaint sets forth an agreement arising out of an implied agreement to pay, which in turn is predicated on the Government's certificates of over-assessment. The heart of the argument lies in the assertion that the issuance of the Government's certificates of over-assessment crystallized the taxpayer's claim into a new cause of action —a cause of action based upon contract. Bonwit Teller & Co. v. U. S., 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, is relied on. In short, plaintiff's cause of action is not predicated upon a claim of taxes illegally assessed and collected by the Government, which is the only basis for the District Court's jurisdiction where the amount exceeds $10,000, but is one arising out of the Government's implied agreement to pay.

█ We are of a different opinion. In other words, we are satisfied that Section 41 (20) Title 28 U.S.C.A., invested the District Court with jurisdiction of plaintiff's cause of action.

A study of the statute clearly indicates that the Congress intended to give the District Court jurisdiction, concurrent with the Court of Claims, of certain claims arising out of the payment of taxes alleged to have been erroneously or illegally assessed and collected.

The Congress divided claims of which the District Court had jurisdiction into two classes, making the amount involved, determinative in part, of the classification. It gave to the District Court, jurisdiction of all claims not exceeding $10,000 arising out of any law of Congress or upon any contract, express or implied. It likewise gave to the District Court, jurisdiction of claims in excess of $10,000, but attached thereto the condition that they be limited to claims for the recovery of "any" internal revenue tax alleged to have been illegally assessed or collected.

The claim before us was one to recover a sum in excess of $10,000. Claimant alleges that it was paid to the Collector because of an over-assessment of claimant's tax. The Government takes the position that the issuance of a certificate of over-assessment takes the claim out of the second class described in the statute and makes it a claim based upon contract. In other words, if it were based upon a contract, it was not within the jurisdiction of the District Court, being for more than $10,000, even though the suit may be described as one for the recovery of an internal revenue tax illegally assessed and collected by the Collector.

A sufficient answer to the Government's position lies in the allegations of the complaint to the effect that plaintiff does not acquiesce in the correctness of the amounts stated in the certificates, but claims $12,000 more. It also challenges the correctness of the sums stated in the certificates to the extent of pointing out deficiencies for some of the years involved. To illustrate, plaintiff sets forth the sum of $3,743.88 for the year 1920, which the Government admits over-assessing. Plaintiff, however, claims an additional sum of $1,742.32, but admits a deficiency of $7,600.94 for that year leaving no credit due the taxpayer. For the year 1935, it claims $6,000 more than the Government's certificate of over-assessment concedes. Therefore, on the face of the complaint it would be erroneous to accept the Government's fact assumption, namely, that the certificates of over-assessment constitute the basis of this suit.

█ We are, however, convinced that even though there were no dispute and the plaintiff's over-payments were in all instances represented by Government's certificates of over-assessment, the District Court would have had jurisdiction of this suit in view of the allegation that the Collector by whom such tax was collected is no longer in office. In other words the amendment to the Tucker Act which gave the District Court jurisdiction of any suit even though exceeding $10,000 in amount, if it be for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, applies to a case such as this. The purpose

of the amendment is clear. It was to permit the taxpayer to bring suit in the district wherein he lives. Such being its purpose we can find no reason for restricting the words "any suit * * * for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected," to cases wherein the Government has not by its action admitted the erroneous collection of illegal assessments.

■ An admission of an indebtedness and an agreement to pay the amount due does not necessarily eliminate the tort claim out of which admission and agreement grew. It is true a taxpayer may sue and collect upon such an agreement. He may also sue on the tort. Here there was no express agreement by the Government to pay. There was at most a certificate which was an admission of over-payment, —nothing more.

We have a situation, therefore, where plaintiff was over-assessed and made an overpayment of its taxes. The Government has issued a certificate admitting such facts. On such a showing plaintiff had two courses open to it. It could recover on an implied agreement to repay the over-assessments or it could sue to recover the amounts overpaid as an illegal assessment. If it proceeded on the first theory, its claim would be based on contract and would have to be filed with the Court of Claims. The District Court would not have jurisdiction because the amount involved exceeded $10,000. If plaintiff proceeded on the second theory, it would be seeking to recover an overpayment representing an over-assessment. If the collector to whom it made the overpayment be dead, then the District Court would have jurisdiction of its claim, even though it exceeded $10,000. The mere fact that the Government admitted the overpayment did not change plaintiff's claim, unless it saw fit to act upon the implied agreement. In other words, the Government can not, by its action, either change plaintiff's claim or make an election for plaintiff.

■ We are not convinced that a fair construction of the statute did not give to plaintiff the right upon the facts here disclosed, to sue on either theory—tort or contract—in the District Court, even though its claim exceeded $10,000. For the amendment to this Act represented by the words beginning with "and of any suit" and continuing to the end of the section dealt with claims of a particular kind, to-wit, "for the recovery of any internal revenue tax alleged to be erroneously or illegally assessed or collected." The amendment having made a particular exception and having covered specific claims, —claims which arise out of overpayment of taxes, it should be construed to cover any claims of the class designated. The amendment was specific; it included *"any"* claim for overpayment of taxes. It therefore included those termed *ex contractu,* as well as claims *ex delicto—Generalia specialibus non derogant.*

Our attention has been called to the opinions in Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, and United States v. Bertelsen & Petersen Engineering Company, 306 U.S. 276, 59 S.Ct. 541, 83 L.Ed. 647. It is not necessary for us to attempt to reconcile the foregoing views with said opinions for it is apparent that the District Court had jurisdiction of the claim in suit for reasons which did not include those last given.

■ A second ground of objection to the complaint was predicated upon the insufficiency of the allegations to state a good cause of action due to failure to give certain notices, etc. This objection was not passed on by the District Court, and we assume that it would—if the complaint were defective—have allowed an amendment so as to overcome the objections advanced. In view of the fact that this objection to the complaint was not passed on by the District Court, and its disposition involves discretion in the allowance of the amendment, if necessary, we deem it best to allow the matter to be first presented to the District Court and we therefore do not consider the questions arising out of the complaint's alleged fact deficiencies or of its possible amendments.

The decree is reversed with directions to proceed further in accordance with the views here expressed.