STATEN ISLAND SHIP BUILDING CO.
v. UNITED STATES.
No. L–6933.

District Court, E. D. New York.
April 26, 1940.

Frederick J. Wilkens, of New York City (Leonard Marshall, of New York City, of counsel), for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to the Atty. Gen., for defendant.

GALSTON, District Judge.

This suit was begun on December 13, 1935, but was not moved for trial until January 10, 1940.

The plaintiff seeks judgment for $976,-934.24 for overpaid income and profits taxes for the years 1917, 1918 and 1919. It is alleged that under the name of Burlee Drydock Company the plaintiff was incorporated on January 1, 1898, with a capital stock of 3,000 shares of a par value of $100 each; that in 1907 it amended its charter, changing its name to its present title; that. on April 18, 1898, it acquired all the assets of W. J. Davidson Company in exchange for part of its capital stock and the assumption of liabilities of that company; that on the same date it acquired all the assets of the Burlee Drydock Company; that the assets thus acquired from those two companies had a fair market value on April 18, 1898, of $73,210.23 and that there' was no value stated for good will of either of these companies. It was alleged that during the period from 1898 to December 31, 1916, the plaintiff acquired capital assets greatly in excess of the costs and values at which they were included in the capital account of plaintiff's books of account, and that the fair market value of plaintiff's fixed assets consisting of land and depreciable property as at March 1, 1913, was $4,586,-737.03, whereas the cost appearing therefor in the plaintiff's capital account on that date was only $1,127,531.12. It is alleged that the commissioner determined the cost of plaintiff's land and depreciable property as of March 1, 1913, to be in the amount of $1,625,372.30. It is set forth that in the determination of the cost of plaintiff's assets for 1917 and prior thereto, the commissioner disallowed book costs in the amount of $202,544.68, and for 1918 and subsequent years in the amount of $349,328.33. The petition recites that $3,-459,205.91, the difference between plaintiff's book record and its fair market value as of March 1, 1913, was not included in the plaintiff's capital account nor invested capital.

It is alleged that in his determination of plaintiff's invested capital for 1918 and subsequent years the commissioner excluded the amounts of taxes overpaid for the prior years; that he reduced plaintiff's statutory invested capital for 1918 and subsequent years in the amounts of the taxes overpaid for the year 1917; similar allegations are made in respect to invested capital and statutory invested capital for 1919 and 1920. Plaintiff alleges its failure to take adequate deductions in the years 1917, 1918 and 1919 for overpayments of taxes in those years.

The answer puts in issue all material allegations of the complaint.

At the trial plaintiff was confronted with the burden of establishing its alleged market value as of March 1, 1913. Although every opportunity was afforded the plaintiff by continuances at its request, it was apparent that it could not by competent evidence sustain its contention that its depreciable assets as of that date were $4,586,737.03.

The · fundamental difficulty with the plaintiff's position is revealed in its effort to build up a case of reappraisement of assets stemming back as far as 1898. That weakness was foreshadowed by the admission made by the plaintiff in its statement of facts attached to its claim for refund filed March 31, 1926 (forming part of Ex. 18). In· that schedule the plaintiff set forth: "Due to the nature of our business and conservative bookkeeping, substantial capital expenditures were charged to 'expense' in the years from 1898 to 1916 and our correct invested capital cannot be determined."

There was no documentary evidence offered of any convincing nature whatsoever covering the period from the organization of the corporation in 1898 to 1913 which would justify the rewriting of the plaintiff's books. Plaintiff's case rests upon the allegation that the commissioner undervalued its depreciable property as of March 1, 1913, but in the absence of competent evidence to the contrary the commissioner's determination must be assumed to be correct. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131.

A secondary contention is, as part of the plaintiff's claim, that it was entitled to a greater amortization under Sec. 234(a)(8) of the Revenue Act of 1918, 40 Stat. 1077. Here too there was complete failure of competent proof by the plaintiff, and so again in the absence of such proof the commissioner's determination must prevail. Because of these considerations the complaint must be dismissed.

There are additional reasons for this conclusion suggested by the defendant. The government urges that there is no timely refund claim to support any of the causes of action alleged in the complaint.

First as to the 1917 claim. This was filed on March 29, 1923, and was rejected on January 12, 1924. The plaintiff alleges that this claim was reconsidered and again rejected on May 31, 1934. Plaintiff's time to bring suit on the claim filed March 29, 1923, was limited to two years after its rejection. Sec. 1113(a), Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Acts, page 324. Thus plaintiff's time to bring suit on this claim expired on January 12, 1926. Its failure so to do was not cured by the claim filed October 14, 1932, for that claim was not in fact an amendment of the claim of March 29, 1923, and cannot be the basis for the exercise of jurisdiction by this court.

A claim for refund for 1918 of $350,000, asserted to have been made, is not found among the collector's records, nor is there any record of its receipt. The exhibit said to be a copy of that claim is not complete as to execution. A witness for the plaintiff testified that such claim was mailed to the collector on January 27, 1929. I must accept the testimony relating to the examination of records in the collector's office. Moreover, it is particularly to be noted that this claim is not listed in the claims for refund filed by the plaintiff on October 14, 1932, though in that exhibit there is reference to a claim for the same amount filed on December 15, 1924.

There is a claim for $3,500 filed November 28, 1925, which the plaintiff contends has never been rejected. A certificate of over-assessment issued by the commissioner on this claim was offered in evidence and it appears that there was partial allowance of that and other claims for the year 1918, on October 5, 1928. It follows that the certificate of over-assessment thus introduced by the plaintiff must be read as a disallowance of the claims to the extent that they were not allowed. Gans S. S. Line v. United States, 2 Cir., 105 F.2d 955.

Now it is claimed too by the petitioner that the commissioner applied an over-payment for 1919 in the sum of $103,841.28 to plaintiff's tax liability for 1918. If this credit were to be interpreted as a payment, then the claim for refund made on January 17, 1929, would be within the statutory four-year period. It must be observed though, in respect to the alleged cause of action relating to 1918 over-payments, that assuming the credit thus allowed to be a payment within the meaning of the statute, then since the credit was applied by the commissioner on April 24, 1926, suit for recovery is required to be instituted within five years of the payment of the tax. Revenue Act of 1926, Sec. 1113, subdivision (a).

And in respect to the claims for refund for 1919 the cause of action is predicated upon the claim described in Exhibit 23, said to have been mailed to the collector on January 17, 1929. On proof it cannot be conceded that this claim was ever received. Another item is one based upon the certificate of over-assessment in the sum of $103,841.28, issued December 10, 1925. Here again see Gans S. S. Lines v. United States, 2 Cir., 105 F.2d 955, to the effect that an allowance in part has been regarded as a disallowance of the claim for refund so far as concerns the starting of the period of limitation. Other items in this claim fail for the same reason.

For the foregoing reasons, the complaint will be dismissed.