## TOUCEY v. NEW YORK LIFE INS. CO.
### No. 11686.

Circuit Court of Appeals, Eighth Circuit.

June 29, 1940.

Rehearing Denied July 22, 1940.

Cornelius Roach, of Kansas City, Mo., for appellant.

Richard S. Righter, of Kansas City, Mo. (Horace F. Blackwell, Jr., of Kansas City, Mo., Louis H. Cooke, of New York City, and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

From a final decree permanently enjoining Samuel R. Toucey from relitigating in his own name or in the name of any other person the issues determined by the court below in this cause and from attempting to prosecute or proceed further in a suit pending in the Circuit Court of Jackson County, Missouri, entitled, "James Shay, Plaintiff, v. New York Life Insurance Company, a Corporation, Defendant," he has appealed.

Briefly stated, the facts are as follows: On January 2, 1924, the New York Life Insurance Company issued to Samuel R. Toucey a $50,000 policy of life insurance, which contained a provision that $500 a month would be paid him if prior to age sixty he became totally and permanently disabled. On September 26, 1934, the policy was surrendered by the insured and was reduced so that the death benefit was $25,000, with corresponding reductions of other indemnities and in future premiums. On October 26, 1935, the insured com-

menced this suit in the Circuit Court of Jackson County, Missouri, to set aside the reduction of the policy and to procure its reinstatement as originally written. In his bill of complaint he alleged that in April, 1933, he became totally and permanently disabled within the meaning of the policy and was entitled to the $500 monthly disability benefits from and after that time; that he was then not advised of his rights under the policy, and that in 1934 he was fraudulently induced by the Insurance Company to accept the reduction of the policy. The prayer of his bill was for a reinstatement of the policy as originally written, and an award of the disability benefits provided for. The Company removed the suit to the court below. In its answer it denied that the insured became disabled as he alleged and denied that the reduction of the policy was induced by fraud. The issues were tried, and the court below found no fraud and no total and permanent disability of the insured, and entered a decree dismissing the insured's bill upon the merits. This decree became final. Thereafter the insured made a formal assignment of his policy and his claims thereunder to James Shay, a resident of the District of Columbia, who commenced a suit in the Circuit Court of Jackson County, Missouri, to recover the $500 monthly benefits provided for by the policy as originally written, upon the ground that the insured had become totally and permanently disabled in April, 1933. The Insurance Company, with leave of court, filed its supplemental bill in the suit at bar, in which it set up the proceedings had in the court below and the attempt of the insured to have the issue of his claimed total and permanent disability relitigated in the Circuit Court of Jackson County, notwithstanding the decree of the federal court. The Company prayed for an injunction, both temporary and permanent, against any further prosecution by the insured of his claimed right of recovery which had been adjudicated. The insured answered and asserted, among other things, that the decree dismissing his bill of complaint was not res judicata of the issue of his total and permanent disability. The court ruled that the decree of dismissal was res judicata of all the issues in the case, and granted a preliminary injunction. The insured appealed, and this Court affirmed.

Toucey v. New York Life Insurance Co., 8 Cir., 102 F.2d 16, 122 A.L.R. 1415. He applied to the Supreme Court for certiorari, and his application was denied. 307 U.S. 638, 59 S.Ct. 1037, 83 L.Ed. 1519. The case was remanded, and thereafter the decree now appealed from was entered, the effect of which was to make the preliminary injunction theretofore granted permanent.

The final decree has the same basis in fact and law as the interlocutory decree which was considered on the former appeal. We are asked to overrule our previous decision. In his brief the appellant says: "The matter is again brought before this court on appeal from the final decree because of a sincere belief an improper result has been reached and a grave injustice done." His argument and brief present the same grounds for reversal that were urged on the former appeal.

■ A decision of an appellate court is, as to the legal issues considered and determined, the law of the case in any subsequent proceedings in either the trial or the appellate court, and is to be followed except where the evidence is substantially different, or where, between the date of the decision and the time of the reconsideration of the case, controlling authority has determined the legal issues adversely, or where it appears that the decision was clearly erroneous and that adherence to it will work a manifest injustice. Millers' Mut. Fire Ins. Ass'n of Illinois v. Bell, Judge, 8 Cir., 99 F.2d 289, 292 and cases cited; Chicago, St. Paul, M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 353, 354 and cases cited.

■ There has been no change in the evidence in this case and no change in the controlling authorities since our previous decision. It is therefore apparent that the only possible basis for overruling that decision and for reversing the decree appealed from would be that the decision on the former appeal was clearly erroneous and that adherence to it would work a manifest injustice. We are convinced that the former decision of this Court in this case was right, for the reasons therein stated. Compare Hesselberg v. Ætna Life Ins. Co., 8 Cir., 102 F.2d 23, 27.

The decree appealed from is affirmed.