## A. S. KREIDER CO. v. UNITED STATES.
### No. 7375.

Circuit Court of Appeals, Third Circuit.
Dec. 17, 1940.

Newton K. Fox, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Clarence E. Dawson, Sp. Assts. to the Atty. Gen. (Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, both of Scranton, Pa., of counsel), for appellant.

Donald Horne and Alexander Levene, both of New York City, and Douglass D. Storey, of Harrisburg, Pa., for appellee.

Before CLARK, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The plaintiff filed suit in the District Court against the United States to recover an overpayment of income taxes for the year 1920 which had theretofore been determined by the Commissioner of Internal Revenue but had been withheld by him from certification for refund on the ground that the taxpayer's claim was filed belatedly.

By its affidavit of defense and various motions for summary judgment, the defendant asserted that the suit was barred by the statute of limitations and that the District Court was also without jurisdiction by reason of Section 3226 of the Revised Statutes.[1] The District Court, concluding that the suit had been instituted too late, entered judgment for the defendant. An appeal followed and this court then held, one judge dissenting, that Sec. 3226, R.S., was impliedly amended by the Tucker Act, Judicial Code, Sec. 24, par. (20),[2] "so as to permit six years from the final date of payment as the time within

---

[1] Section 3226 of the Revised Statutes, as amended, which was reenacted without change. by Sec. 1113(a) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 324, provides, inter alia, that,—"Sec. 3226. * * * No such suit or proceeding [i. e. for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected] shall be begun * * * after the expiration of five years from the date of the payment of such tax * * * unless such suit or proceeding is begun within two years after the disallowance of the

part of such claim to which such suit or proceeding relates."

[2] Section 24 of the Judicial Code, 28 U.S.C.A. § 41, provides, in material part, by paragraph (20) that the original jurisdiction of the District Courts shall extend, concurrent with the Court of Claims, to "any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any

which suit may be commenced, when the suit is against the United States and is brought in the District Court". See 3 Cir., 97 F.2d 387, 388. As the suit had been instituted within the six-year period, the judgment was accordingly reversed and the cause remanded, with directions to the District Court "to consider and determine the merits of the controversy".

At the ensuing trial the only defense interposed was that the plaintiff's right to refund for the amount of the overassessment in suit was barred by Sec. 284(b) and (g) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, pages 220, 222. The claim for refund had been the occasion of the Commissioner's determination of the overassessment for which the plaintiff seeks recovery. The trial court, being of the opinion that the claim had been filed timely, entered judgment for the plaintiff (the amount of the unrefunded overassessment not being in dispute). Thereupon, the defendant took the present appeal.

▮ Although the matter now here for review is the action of the court below in confirming the timeliness of the taxpayer's claim for refund, the appellant asks us to reconsider and reverse the former decision of this court with respect to the period of limitations applicable to the institution of the suit and the question of the District Court's jurisdiction. This, we may not justifiably do, even though we should now be inclined to disagree with the former decision. (No implication of any such disagreement on our part is intended.) The court below faithfully followed this court's mandate, as it was bound to do. Thereby it was precluded from reconsidering the matters which the appellant seeks to reopen here. Cf. In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 256, 16 S.Ct. 291, 40 L.Ed. 414. See, also, Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656. The former decision of this court became the law of the case and, once the law of a case is settled by an appellate court, it is settled for that tribunal as well as for the trial

court, save for new or different facts. Toucey v. New York Life Insurance Co., 8 Cir., 112 F.2d 927, 928. To reverse the court below, in a wholly unchanged factual situation, for doing what this court directed should be done would, to say the least, be a positive disservice to the orderly administration of justice. A second appeal may not be used to raise questions in the same case already put at rest by the same court upon a prior appeal. Toucey v. New York Life Insurance Co., supra.

Coming, then, to the one question properly within the scope of the present appeal, we think that the court below correctly held that the claim for refund was filed in time and that the plaintiff is entitled to recover the overpayment of taxes in the amount determined by the Commissioner which still remains unrefunded.

The plaintiff, a Pennsylvania corporation, filed its income tax return on March 15, 1921, for the calendar year 1920 and paid the taxes due, as shown thereon, in equal quarterly installments during the year 1921. The Collectors to whom this tax was paid were not in office at the time the suit herein was filed. Prior to June 15, 1926, the plaintiff filed an income and profits tax waiver extending the statutory period of limitations for the assessment of taxes for the year 1920 to December 31, 1926. On April 10, 1926, the Commissioner of Internal Revenue advised the plaintiff of a deficiency in tax for the year in question in the sum of $1,362.50, which was thereafter duly assessed and, still later, paid by the plaintiff on July 28, 1926. On March 25, 1929 (which was within four years after payment of the final portion of its 1920 taxes) the plaintiff filed a claim for refund of part of the taxes paid for the year 1920, $13,471.18 of the amount claimed having been paid in 1921 and $1,362.50 on July 28, 1926, as above stated. On September 9, 1929, the Commissioner signed a Schedule of Overassessments which showed a "net amount refundable" to the plaintiff in the sum of $1,362.50, with interest. A check for this amount was later mailed to the plaintiff along with a certificate of overassessment showing

---

sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. * * * No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. * * * "

that the total overassessment was $14,833.-68 but that $13,471.18 thereof was barred by the statute of limitations. The difference represented the amount of the refund then made. The plaintiff received the check and certificate of overassessment in October 1929. On March 7, 1932, the plaintiff filed its statement of claim in the suit below to recover the unrefunded balance of the overassessment as shown by the certificate. Whether the plaintiff is entitled to recover depends upon whether or not the Commissioner was correct in his conclusion that $13,471.18 of the plaintiff's claim for refund was barred by the statute of limitations under the pertinent Revenue Act (1926).

The portions of the Revenue Act, 1926, c. 27, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, pages 220, 222, which are material to the present question are as follows:

"Sec. 284. * * *

"(b) Except as provided in subdivisions (c), (d), (e), and (g) of this section—

"(1) No such credit or refund shall be allowed or made after three years from the time the tax was paid in the case of a tax imposed by this Act, nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer; and

"(2) The amount of the credit or refund shall not exceed the portion of the tax paid during the three or four years, respectively, immediately preceding the filing of the claim, or if no claim was filed, then during the three or four years, respectively, immediately preceding the allowance of the credit or refund.

  *  *  *  *  *  *

"(g) * * * If the taxpayer has, on or before June 15, 1926, filed such a waiver [an income and profits tax waiver extending the statutory period of limitations for assessment of taxes] in respect of the taxes due for the taxable year 1920 or 1921, then such credit or refund relating to the taxes for the taxable year 1920 or 1921 shall be allowed or made if claim therefor is filed either on or before April 1, 1927, or within four years from the time the tax was paid. * * *"

As the plaintiff's claim for refund was actually filed on March 25, 1929, it was obviously not filed within the period which expired on April 1, 1927. However, it was filed within four years of the plaintiff's payment on July 28, 1926, of the final portion of the tax due for the year 1920. But, the appellant contends that a claim for refund within the alternate period of four years, prescribed by subsection (g), is limited by subsection (b) (2) to such taxes as were paid within that period. Apparently, the Commissioner of Internal Revenue acted upon a like construction of the statute when he certified for refund merely the portion of the tax paid by the plaintiff within the four-year period instead of the whole of the determined overassessment of the taxes paid for the taxable year. No reasonable basis for the distinction is apparent. The appellant admits that, had the claim for refund been filed prior to April 1, 1927, a claim for the refund of the whole of the tax paid for the particular tax year could have been made. Why, then, may the overassessment not be reclaimed, without regard for the amount of the portion of the tax paid within the four-year period, when the claim is filed within four years of the payment of the final portion of the tax for the particular year?

■ Subsection (g) specifically provides that, where a taxpayer has duly filed the required waiver with respect to the time for the assessment of a tax, a "refund relating to *the taxes for the taxable year 1920* * * * shall be * * * made if claim therefor is filed * * * within four years from the time *the tax* was paid. * * *" (Italics supplied.) By "the tax", the entire tax for a particular year is meant and not merely some portion of it. The entire tax for the year is not paid until the last installment or deficiency assessment has been paid. Hills v. United States, Ct.Cl., 50 F.2d 302, 305–307, confirmed on rehearing, Ct.Cl., 55 F.2d 1001; United States v. Clarke, 3 Cir., 69 F.2d 748, 750, 94 A.L.R. 975; Union Trust Co. of Rochester v. United States, 2 Cir., 70 F.2d 629, 630. The fact that the cases last cited involved claims for the refund of estate taxes does not impair the applicability of the principle that the period of limitations with respect to suit for the recovery or claim for the refund of overassessed taxes dates from the time the last installment of such tax was paid unless the recovery or refund is expressly limited by statute to the portion of the tax paid within the limitation period. The reasoning in the Hills case at pages 305 and 306 of 50 F.2d is equally in point here.

The government's contention that subsection (g) is limited by subsection (b) (2) to a refund only of the portion of the overassessed taxes paid within the limitation period disregards the plain direction of subsection (b) that its provisions are applicable *except* as provided in subsection (g), inter alia. Subsection (g) applies peculiarly to claims for credit or refund growing out of assessments of war income or excess profits taxes under the Revenue Acts from 1917 to 1921, inclusive, with respect to which a waiver of the time for assessment has been filed. The scope and intendment of subsection (g) are separate and distinct from claims for credit or refund such as are dealt with in subsection (b). No plausible reason is advanced why a claim for refund for 1920 taxes under subsection (g) may be larger if filed on or before April 1, 1927, than if filed after that date but within the equally permissible period of four years from the time the tax was paid. To reach such a conclusion would require that one of two coordinate clauses be treated as superior to the other. The suggestion derives entirely from the appellant's use in argument of a wholly unrelated provision of the statute.

We conclude that the plaintiff's claim for refund was timely, having been filed within four years of the final payment on account of the tax liability for the year in question. Consequently, the Commissioner was in error in refusing to certify for refund the total determined overassessment. His action, based as it was on an invalid reason, did not amount to a disallowance of the claim. The two-year limitation which runs from the time of the disallowance of the claim is therefore not pertinent. The plaintiff's right of action arose from the certificate of overassessment and the suit, which was instituted within six years from the date of payment of the tax, was timely. Bonwit Teller & Co. v. United States, 283 U.S. 258, 263-265, 51 S.Ct. 395, 75 L.Ed. 1018. The suit was for the recovery of a tax erroneously assessed and collected, as the Commissioner had formally determined. The Collectors to whom the tax had been paid were no longer in office. The District Court therefore had jurisdiction. United States v. Bertelsen & Petersen Engineering Co., 306 U.S. 276, 281, 59 S.Ct. 541, 83 L.Ed. 647.

The judgment of the District Court is affirmed.